**FILED**
**NOVEMBER 21, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **RZB FINANCE LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) No. | |
| vs. | ) | |
| | ) | |
| **PYRAMID STONE MFG., INC. and** | ) | |
| **11 S. EISENHOWER, LLC,** | ) | |
| | ) | |
| Defendants. | | |

**07 C 6603**

**JUDGE SHADUR**
**MAGISTRATE JUDGE COX**

### VERIFIED COMPLAINT FOR REPLEVIN AND OTHER RELIEF

Plaintiff RZB Finance LLC, by its undersigned counsel, for its Complaint against Defendant Pyramid Stone Mfg., Inc. and 11 S. Eisenhower, LLC, states as follows:

### Parties

1. RZB Finance LLC ("RZB") is a Delaware limited liability company, with its principal place of business in New York, New York. The sole member of RZB is Raiffeisen Zentralbank Österreich AG, an Austrian corporation.

2. Pyramid Stone Mfg., Inc. ("Pyramid Stone") is an Illinois Corporation with its principal place of business in Lombard, Illinois.

3. 11 S. Eisenhower, LLC ("Landlord") is an Illinois limited liability company, with its principal place of business in Lombard, Illinois. The members of Landlord are Carlo Verissimo and Rodrigo Biscaya, both citizens of Illinois.

### Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(3) because this matter involves a dispute between citizens of different States and a citizen of a foreign state, and the amount in controversy exceeds the sum of $75,000.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a) because a substantial part of the events and omissions giving rise to the claims herein occurred in this judicial district.

## Allegations

6. On or about June 19, 2006, RZB, as lender, and Pyramid Stone and Stone Warehouse, LLC ("Stone Warehouse") as borrowers (collectively, Pyramid Stone and Stone Warehouse are referred to herein as the "Borrowers"), entered into a Loan and Security Agreement (as amended, modified and supplemented from time to time, the "Loan Agreement") and certain related agreements. A true and correct copy of the Loan Agreement is attached hereto as Group Exhibit A.[1]

7. Pursuant to Section 6 of the Loan Agreement, the Borrowers granted RZB a continuing security interest in the following:

> (a) all Accounts and all Goods whose sale, lease or other disposition by such Borrower has given rise to Accounts and have been returned to or repossessed or stopped in transit by such Borrower; (b) all Chattel Paper, Instruments, Documents, and General Intangibles (including without limitation all patents, patent applications, trademarks, trademark applications, trade names, trade secrets, goodwill, copyrights, registrations, licenses, software, franchises, customer lists, tax refund claims, claims against carriers and shippers, guarantee claims, contracts rights, payment intangibles, security interests, security deposits, and any rights to indemnification); (c) all Inventory and other Goods, including without limitation Equipment, vehicles and Fixtures; (d) all Investment Property; (e) all Deposit Accounts, bank accounts, deposits and cash; (f) all Letter-of-Credit Rights; (g) Commercial Tort Claims listed on Exhibit H hereto; (h) any other property of Borrower now or hereafter in the possession, custody or control of Lender or any agent or any Affiliate of Lender or any participant with Lender in the Loans for any purpose (whether for safekeeping, deposit, collection, custody, pledge, transmission or otherwise); and (i) all additions and accessions to, substitutions for, and

---

[1] On or about September 29, 2007, Stone Warehouse executed a Trust Agreement and Assignment for the Benefit of Creditors (the "Stone Warehouse ABC"), thereby transferring all of its assets to a Trustee-Assignee. Consequently, RZB seeks no relief with respect to Stone Warehouse, at the present time.

replacements, products and proceeds of the foregoing property, including without limitation proceeds of all insurance policies insuring the foregoing property, and all of such Borrower's books and records relating to any of the foregoing and to such Borrower's business.

(hereinafter, the "Collateral"). True and correct copies of the UCC-1 Financing Statements filed by RZB to perfect its first priority security interest in the Collateral are attached hereto as Exhibit B.

8. Pursuant to the Loan Agreement, upon an Event of Default, RZB is entitled, inter alia, to take possession of and sell the Collateral and to keep the proceeds as a credit to the amounts owed under the Loan Agreement.

9. Pursuant to a lease dated April 21, 2003, Landlord leased the premises described as 11 S. Eisenhower Lane, Lombard, Illinois, 60148 (the "Premises"), to Pyramid Stone. In addition, Landlord, executed a Landlord Lien Waiver, dated June 16, 2006, pursuant to which Landlord agreed, among other things: to waive and release any claims it may have against the Collateral, that the Collateral was and shall remain personal property and not become part of the Premises and is not fixtures; and that RZB may enter and remain on the Premises at any time to exercise its rights under the Loan Agreement (the "Landlord's Waiver"). A true and correct copy of the Landlord's Waiver is attached hereto as Exhibit C.

10. Pursuant to the Landlord's Waiver, Landlord acknowledged, among other things, that:

> (i) Landlord has received notice that [Pyramid Stone] has entered into certain financing arrangements (the "**Financing Arrangements**") with [RZB], whereby [Pyramid Stone] has granted to [RZB] a security interest in all personal property of [Pyramid Stone] (the "**Collateral**"), all or part of which may be located upon or affixed to the Premises and (ii) that [RZB's] security interest in the Collateral pursuant to the Financing Agreements is superior to any lien, right or claim of title of any nature which Landlord now has or hereafter may have or assert in or to the Collateral… (emphasis in the original).

(Exhibit C, Landlord's Waiver, paragraph (a)).

11. In the Landlord's Waiver, Landlord also agreed that:

> . . . [RZB] may enter and remain on the Premises at any time to assemble and remove the Collateral in the exercise of its rights and remedies arising from the aforesaid Financing Arrangements;. . ."

(Exhibit C, Landlord's Waiver, paragraph (d)).

12. Pursuant to the Loan Agreement, RZB extended a secured line of credit in the amount of $5,000,000 to the Borrowers, as more fully described in the Loan Agreement. RZB first disbursed funds pursuant to the Loan Agreement on or about June 19, 2006.

13. On or about May 30, 2007, RZB sent a letter to the Borrowers notifying them that they were in default under the Loan Agreement and that RZB was reserving its rights to exercise any of the rights and remedies available under the Loan Agreement and under the law, as well as demanding that the Borrowers, among other things, disclose the required financial information under the Loan Agreement (the "May 30 Letter"). A true and correct copy of the May 30 Letter is attached hereto as Exhibit D.

14. On or about October 19, 2007, the Borrowers and RZB entered into a Third Amendment and Forbearance Agreement ("Forbearance Agreement"), which was executed by the Borrowers, and wherein the Borrowers acknowledged they were in default of their obligations under the Loan Agreement. In the Forbearance Agreement, RZB agreed to forebear from exercising its rights and remedies under the Loan Agreement only until October 26, 2007. A true and correct copy of the Forbearance Agreement is included in Group Exhibit A attached hereto.

15. On or about October 26, 2007, the Borrowers and RZB entered into a First Amendment to Forbearance Agreement ("First Amendment to Forbearance Agreement"). The First Amendment to Forbearance Agreement was again executed by the Borrowers, and wherein the Borrowers again acknowledged they were in default of their obligations under the Loan Agreement. In the First Amendment to Forbearance Agreement, RZB agreed to forbear from exercising its rights and remedies under the Loan Agreement only until November 5, 2007. A true and correct copy of the First Amendment to Forbearance Agreement is included in Group Exhibit A attached hereto.

16. On November 6, 2007, RZB sent a letter to the Borrowers notifying them that they were in default under the Loan Agreement and that under the terms of the Loan Agreement, RZB was declaring all amounts owing by Borrowers to RZB to be immediately due and payable (the "November 6 Letter"). A true and correct copy of the November 6 letter is attached hereto as Exhibit E.

17. As of November 6, 2007, the Borrowers' indebtedness to RZB pursuant to the Loan Agreement stood at not less than $2,466,460.87, plus accrued and accruing interest, fees and other costs.

18. On November 14, 2007, RZB sent a letter to Pyramid Stone asking that Pyramid Stone agree, among other things, to immediately abandon and surrender possession of the Collateral to RZB (the "November 14 Letter"). A true and correct copy of the November 14 Letter is attached hereto as Exhibit F.

19. As of the filing of this complaint, Borrowers have not repaid their outstanding indebtedness to RZB, nor has Pyramid Stone turned over the Collateral to RZB.

20.     Pursuant to the Loan Agreement, Pyramid Stone must indemnify RZB for any loss or expense, including attorneys' fees, in any matter relating to or arising out of the Loan Agreement.  (Group Exhibit A, Loan Agreement, at p. 37, paragraph 17).

## COUNT I
## BREACH OF CONTRACT (AGAINST PYRAMID STONE)

21.     RZB realleges and incorporates paragraphs 1-20 of this Complaint as if fully set forth herein.

22.     Pyramid Stone's indebtedness to RZB pursuant to the Loan Agreement is not less than $2,466,460.87, plus accrued and accruing interest, fees and other costs.

23.     RZB has a perfected security interest in the amount due under the Loan Agreement and has the right to enforce that interest under the Loan Agreement.

24.     Pyramid Stone has refused to pay RZB the amounts due under the Loan Agreement.

25.     Pyramid Stone's refusal to pay the amounts due under the Loan Agreement is wrongful, without justification and in breach of the Loan Agreement.

26.     As a result of Pyramid Stone's refusal to pay, RZB has suffered damages in the amount of $2,466,460.87, plus accrued and accruing interest, fees and other costs.

WHEREFORE, RZB Finance LLC respectfully requests that this Court enter a judgment in favor of RZB Finance LLC and against Pyramid Stone Mfg., Inc. for:

(a)     $2,466,460.87, plus additional interest and fees that accrue under the Loan Agreement until the date of judgment;

(b)     RZB Finance LLC's attorneys' fees and costs incurred in prosecuting

this action; and

    (c)    such other relief as this Court deems just and equitable.

## COUNT II
### REPLEVIN (AGAINST PYRAMID STONE)

27. RZB realleges and incorporates paragraphs 1-20 of this Complaint as if fully set forth herein.

28. Pursuant to 735 ILCS 5/19-101 et seq. and N.Y. C.P.L.R. 7101 et seq., RZB is entitled to immediate possession of the Collateral so as to enforce its rights in the Collateral pursuant to the Loan Agreement.

29. Pyramid Stone has wrongfully detained the Collateral by refusing to transfer and to turn over possession of the Collateral to RZB as prescribed by the Loan Agreement, and as requested in the November 14 Letter.

30. Upon information and belief, RZB believes that the Collateral has not been taken for any tax, assessment, or fine levied by virtue of any law of the State of Illinois against Pyramid Stone. The Collateral has not been seized under any lawful process against Pyramid Stone, nor has it been held by virtue of any order for replevin against Pyramid Stone.

WHEREFORE, RZB Finance LLC respectfully requests that this Court:

(a) enter an order of replevin in its favor and against Pyramid Stone, Mfg., Inc.;

(b) require the Marshal to take possession of the Collateral from Pyramid Stone, Mfg., Inc. and turn it over to RZB Finance LLC;

(c) require Pyramid Stone, Mfg., Inc. to tender the Collateral to the Marshal;

(d) enter a judgment in its favor and against Pyramid Stone, Mfg., Inc. granting RZB Finance LLC damages for Pyramid Stone Mfg., Inc.'s wrongful detention of the Collateral and for RZB Finance LLC's costs and attorneys' fees incurred in prosecuting this action; and

(e) grant such other relief as this Court deems appropriate.

## COUNT III
## CONVERSION (AGAINST PYRAMID STONE)

31. RZB realleges and incorporates paragraphs 1-20 of this Complaint as if fully set forth herein.

32. RZB has an absolute and unconditional right to immediate possession of the Collateral.

33. Through the November 14 Letter, RZB demanded that Pyramid Stone relinquish possession of the Collateral.

34. Pyramid Stone has wrongfully and without authorization taken control and dominion over the Collateral.

WHEREFORE, RZB Finance LLC respectfully requests that this Court enter a judgment in RZB Finance LLC's favor and against Pyramid Stone Mfg., Inc. for:

(a) damages for Pyramid Stone Mfg., Inc.'s conversion and wrongful detention of the Collateral;

(b) RZB Finance LLC's attorneys' fees and costs incurred prosecuting this action; and

(c) such other relief as this Court deems just and equitable.

# COUNT IV
## ACTION FOR DECLARATORY JUDGMENT (AGAINST LANDLORD)

35. RZB realleges and incorporates paragraphs 1-20 as if fully set forth herein.

36. By letter dated November 20, 2007, RZB demanded from Landlord an acknowledgement of RZB's right to enter the Premises (the "November 20 Letter"). A true and correct copy of the November 20 Letter is attached hereto as Exhibit G.

37. Landlord has not provided its acknowledgement and acceptance of the terms of the November 20 Letter.

38. Pursuant to the Landlord's Waiver, RZB has an absolute right to immediately enter and remain on the Premises at any time to assemble and remove the Collateral.

39. Landlord has refused to acknowledge RZB's right to access to the Premises pursuant to the Landlord's Waiver.

40. RZB is entitled to declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 because there is an actual and justiciable controversy between RZB and Landlord regarding RZB's rights under the Landlord's Waiver.

WHEREFORE, RZB Finance, LLC respectfully requests, pursuant to 28 U.S.C. § 2201 et seq., that this Court enter a declaratory judgment in RZB Finance LLC's favor and against 11 S. Eisenhower, LLC:

(a) declaring that 11 S. Eisenhower, LLC has no lien, right or claim of title of any nature to the Collateral;

(b) declaring that RZB Finance LLC may enter and remain on Premises at any time to assemble, take possession, and remove the Collateral; and

      (c)    granting such other relief as this Court deems just and equitable.

Respectfully submitted,

RZB FINANCE LLC


By /s/ William C. Meyers
      One of Its Attorneys

William C. Meyers
David E. Morrison
Mary E. Anderson
GOLDBERG, KOHN, BELL, BLACK,
  ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
(312) 201-4000

## **VERIFICATION**

The undersigned verifies that the statements set forth in this Verified Complaint for Replevin and Other Relief are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 20, 2007.

_____
CHRISTOPH HOEDL