**FILED**

**NOVEMBER 21, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **RZB FINANCE LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| vs. | ) | |
| | ) | |
| **PYRAMID STONE MFG., INC. and** | ) | |
| **11 S. EISENHOWER, LLC,** | ) | |
| | ) | |
| Defendants. | ) | |

**07 C 6603**

### PLAINTIFF'S MOTION FOR ORDER OF REPLEVIN

Plaintiff RZB Finance LLC ("RZB"), by its undersigned counsel, hereby moves, pursuant to Fed. R. Civ. P. 64 and 735 ILCS 5/19-101 et seq. (the "Illinois Replevin Act"), for an Order of Replevin against Defendant Pyramid Stone Mfg., Inc. ("Pyramid Stone"). In support thereof, RZB states as follows:

### INTRODUCTION

1.     On or about June 19, 2006, RZB, as lender, and Pyramid Stone and Stone Warehouse, LLC ("Stone Warehouse") as borrowers (collectively the "Borrowers"), entered into a Loan and Security Agreement (as amended, modified and supplemented from time to time, the "Loan Agreement"), pursuant to which RZB extended a secured line of credit in the amount of $5,000,000 to the Borrowers, and the Borrowers pledged virtually all of their assets to RZB and granted RZB a continuing security interest in those assets to secure their performance under the Loan Agreement. The Borrowers are in default of their obligations under the Loan Agreement. RZB has demanded that Borrowers immediately pay RZB all amounts due it pursuant to the Loan Agreement, and that Pyramid Stone turn over the pledged assets to RZB. Borrowers have not made payment to RZB as required by the

Loan Agreement nor has Pyramid Stone turned over the pledged assets to RZB. Accordingly, pursuant to the Illinois Replevin Act, which is applicable to this proceeding through Fed. R. Civ. P. 64, RZB is entitled to an order of replevin, in its favor and against Pyramid Stone, with respect to the pledged assets.[1]

        2.    Under the Illinois Replevin Act, the Court may, on five days' notice, enter an order of replevin with respect to the disputed property "[i]f the plaintiff establishes a prima facie case to a superior right to possession of the disputed property, and if the plaintiff also demonstrates to the court the probability that the plaintiff will ultimately prevail on the underlying claim to possession."  735 ILCS 5/19-107; *see also* N.Y. C.P.L.R. 7101.  If a replevin order is entered, and upon posting of an appropriate bond, the plaintiff is entitled to possession of the disputed property pending the final resolution of the case (unless the defendant posts an appropriate bond).  See 735 ILCS 5/19-109 and 112; *see also* N.Y. C.P.L.R. 7102.  Through this motion, RZB requests that the Court issue an order of replevin pursuant to 735 ILCS 5/19-107 so that RZB may take possession of the disputed property pending the final resolution of this case.

## FACTS

        3.    The following facts are supported by the Declaration of Christoph Hoedl, attached hereto as Exhibit 1 (the "Hoedl Declaration").

        4.    RZB is a Delaware limited liability company, with its principal place of business in New York, New York.  The sole member of RZB is Raiffeisen Zentralbank Österreich AG, an Austrian corporation.

---

[1] On or about September 29, 2007, Stone Warehouse executed a Trust Agreement and Assignment for the Benefit of Creditors (the "Stone Warehouse ABC"), thereby transferring all of its assets to a Trustee-Assignee.  Consequently, RZB seeks no relief with respect to Stone Warehouse, at the present time.

5.    Pyramid Stone is an Illinois Corporation with its principal place of business in Lombard, Illinois.

6.    On or about June 19, 2006, RZB, as lender, and Pyramid Stone and Stone Warehouse, as the Borrowers, entered into the Loan Agreement and certain related agreements.  A true and correct copy of the Loan Agreement is attached to the Complaint as Group Exhibit A.

7.    Pursuant to the Loan Agreement, RZB extended a secured line of credit in the amount of $5,000,000 to the Borrowers, as more fully described in the Loan Agreement.  RZB first disbursed funds pursuant to the Loan Agreement on or about June 19, 2006.

8.    Pursuant to Section 6 of the Loan Agreement, the Borrowers granted RZB a continuing security interest in the following:

> (a)    all Accounts and all Goods whose sale, lease or other disposition by such Borrower has given rise to Accounts and have been returned to or repossessed or stopped in transit by such Borrower; (b) all Chattel Paper, Instruments, Documents, and General Intangibles (including without limitation all patents, patent applications, trademarks, trademark applications, trade names, trade secrets, goodwill, copyrights, registrations, licenses, software, franchises, customer lists, tax refund claims, claims against carriers and shippers, guarantee claims, contracts rights, payment intangibles, security interests, security deposits, and any rights to indemnification); (c) all Inventory and other Goods, including without limitation Equipment, vehicles and Fixtures; (d) all Investment Property; (e) all Deposit Accounts, bank accounts, deposits and cash; (f) all Letter-of-Credit Rights; (g) Commercial Tort Claims listed on Exhibit H hereto; (h) any other property of Borrower now or hereafter in the possession, custody or control of Lender or any agent or any Affiliate of Lender or any participant with Lender in the Loans for any purpose (whether for safekeeping, deposit, collection, custody, pledge, transmission or otherwise); and (i) all additions and accessions to, substitutions for, and replacements, products and proceeds of the foregoing property, including without limitation proceeds of all insurance policies insuring

the foregoing property, and all of such Borrower's books and records relating to any of the foregoing and to such Borrower's business.

(hereinafter, the "Collateral").  True and correct copies of the UCC-1 Financing Statements filed by RZB to perfect its first priority security interest in the Collateral, are attached to the Complaint as Exhibit B.

9.      Pursuant to the Loan Agreement, upon an Event of Default, RZB is entitled, inter alia, to take possession of and sell the Collateral and to keep the proceeds as a credit to the amounts owed under the Loan Agreement.

10.      On or about May 30, 2007, RZB sent a letter to the Borrowers notifying them that they were in default under the Loan Agreement and that RZB was reserving its rights to exercise any of the rights and remedies available under the Loan Agreement and under the law, as well as demanding that the Borrowers, among other things, disclose the required financial information under the Loan Agreement (the "May 30 Letter"). A true and correct copy of the May 30 Letter is attached to the Complaint as Exhibit D.

11.      On or about October 19, 2007, the Borrowers and RZB entered into a Third Amendment and Forbearance Agreement ("Forbearance Agreement"), which was executed by the Borrowers, and wherein the Borrowers acknowledged they were in default of their obligations under the Loan Agreement.  In the Forbearance Agreement, RZB agreed to forebear from exercising its rights and remedies under the Loan Agreement only until October 26, 2007.  A true and correct copy of the Forbearance Agreement is included in Group Exhibit A attached to the Complaint.

12.      On or about October 26, 2007, the Borrowers and RZB entered into a First  Amendment  to  Forbearance  Agreement  ("First  Amendment  to  Forbearance Agreement").  The First Amendment to Forbearance Agreement was executed by the

Borrowers, and wherein the Borrowers again acknowledged they were in default of their obligations under the Loan Agreement. In the First Amendment to Forbearance Agreement, RZB agreed to forbear from exercising its rights and remedies under the Loan Agreement only until November 5, 2007. A true and correct copy of the First Amendment to Forbearance Agreement is included in Group Exhibit A attached to the Complaint.

13.    On November 6, 2007, RZB sent a letter to the Borrowers notifying them that they were in default under the Loan Agreement and that under the terms of the Loan Agreement, RZB was declaring all amounts owing by Borrowers to RZB to be immediately due and payable (the "November 6 Letter"). A true and correct copy of the November 6 letter is attached to the Complaint as Exhibit E.

14.    As of November 6, 2007, the Borrowers' indebtedness to RZB pursuant to the Loan Agreement was not less than $2,466,460.87, plus accrued and accruing interest, fees and other costs.

15.    On November 14, 2007, RZB sent a letter to Pyramid Stone, a copy of which is attached to the Complaint as Exhibit F, informing Pyramid Stone that it was in default under the Loan Agreement, and that therefore under the terms of such Loan Agreement Pyramid Stone was obligated to assemble and turn over to RZB the Collateral (the "November 14 Letter"). A true and correct copy of the November 14 letter is attached to the Complaint as Exhibit F.

16.    Borrowers have not repaid their outstanding indebtedness to RZB, nor has Pyramid Stone turned over the Collateral to RZB.

17.    The Loan Agreement provides that the Borrowers will indemnify RZB for any loss or expense, including attorneys' fees, in any matter relating to or arising out of the Loan Agreement.  (See Group Exhibit A, attached to the Complaint, at p. 37, Para. 17).

## ARGUMENT

18.    Pyramid Stone is wrongfully detaining the Collateral, which RZB has a right to possess and sell pursuant to the Loan Agreement and the UCC.  Under the Illinois Replevin Act, therefore, RZB has the right to bring an action for replevin and obtain possession of the Collateral so as to allow RZB to enforce its security interest in the Collateral:

> Whenever any goods or chattels have been wrongfully distrained, or otherwise wrongfully taken or are wrongfully detained, an action of replevin may be brought for the recovery of such goods or chattels, by the owner or person entitled to their possession.
>
> * * *
>
> At the hearing on the entry of an order for replevin, which may be a hearing to contest pursuant to notice under Section 19-105 of this Act or an ex parte hearing pursuant to a finding under Section 19-106 of this Act, the court shall review the basis of the plaintiff's claim to possession.  If the plaintiff establishes a prima facie case to a superior right to possession of the disputed property, and if the plaintiff also demonstrates to the court the probability that the plaintiff will ultimately prevail on the underlying claim to possession, the court shall so find as a matter of record and an order for replevin shall be entered by the court.

735 ILCS 5/19-101, 107.

19.    Pursuant to Fed. R. Civ. P. 64, the Illinois Replevin Act governs this action:

> At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought.  . . . The remedies thus available include arrest, attachment, garnishment, replevin,

sequestration, and other corresponding or equivalent remedies, however, designated and regardless of whether by state procedure the remedy is ancillary to an action or must be obtained by an independent action.

See also Metal Forge Co. v. Vogel Tool & Die Corp., No. 95 C 6045, 1995 WL 702628, at

*1 (N.D. Ill. Nov. 27, 1995) (the remedy of replevin is available under the circumstances and

in the manner provided by the law of the state in which the district court is held).

20.    The Hoedl Declaration sets forth a prima facie case to RZB's superior

right to possession of the Collateral, in that

> (a)    Pyramid Stone has defaulted on the loan provided by RZB and remains indebted to RZB in the amount of $2,466,460.87, plus accrued and accruing interest, fees and other costs;
>
> (b)    Pyramid Stone pledged the Collateral as security for the performance of its obligations under the Loan Agreement; and
>
> (c)    Notwithstanding RZB's demand that Pyramid Stone turn over the Collateral to RZB, Pyramid Stone has failed to either turn over the Collateral to RZB or to satisfy the Borrowers' obligations to RZB under the Loan Agreement.

21.    Accordingly, this Court should enter an order of replevin pursuant to

735 ILCS 5/19-109 with respect to the Collateral, and then proceed to trial on the question of

final possession of the Collateral.

WHEREFORE, Plaintiff RZB Finance LLC respectfully requests that this

Court enter an order of replevin in the form attached as Exhibit 2 hereto with respect to the

Collateral, and grant such other relief as this Court deems proper.

Respectfully submitted,

RZB FINANCE LLC


By /s/ William C. Meyers
          One of Its Attorneys

-7-

William C. Meyers
David E. Morrison
Mary E. Anderson
GOLDBERG, KOHN, BELL, BLACK,
   ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
(312) 201-4000