## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **RZB FINANCE LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | |
| | ) | |
| **PYRAMID STONE MFG., INC.** and | ) | |
| **11 S. EISENHOWER, LLC** | ) | |
| | ) | |
| Defendants. | | |

**07 C 6603**

**JUDGE SHADUR**
**MAGISTRATE JUDGE COX**

### <u>ORDER FOR REPLEVIN</u>

This cause coming on to be heard on Plaintiff's Motion for Order of Replevin, and the Court being fully advised in the premises, **THE COURT FINDS THAT**:

1.    Due notice has been given to the Defendant Pyramid Stone Mfg., Inc., an Illinois Corporation ("Pyramid Stone").

2.    Plaintiff RZB Finance LLC ("RZB") has established a prima facie case to a superior right to possession of the disputed property, identified in Schedule A hereto (the "Collateral"), and has also demonstrated to the Court the probability that RZB will ultimately prevail on the underlying claim to possession of the Collateral.

**IT IS THEREFORE HEREBY ORDERED** that the United States Marshal, having first received from RZB a bond of sufficient security in double the value of the Collateral, which the Court values for purposes of this Order at $_____, take the Collateral or any portion thereof that may be found in the Marshal's jurisdiction and deliver it to RZB unless Pyramid Stone executes a bond and security in double the value of the Collateral, in which case the Marshal shall return RZB's bond to the Clerk of the Court.

The Marshal shall serve a copy of this Order on Pyramid Stone, and Pyramid Stone shall answer the Complaint by filing an answer or appearance on or before _____, 2007 or, in case the Collateral or any part of it is not found, to answer to RZB for the value of the Collateral not found.

DATED:        November ____, 2007

        ENTER:


_____
        The Honorable

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RZB FINANCE LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| vs. | ) | |
| | ) | |
| **PYRAMID STONE MFG., INC. and** | ) | |
| **11 S. EISENHOWER, LLC** | ) | |
| | ) | |
| Defendants. | | |

## ORDER OF REPLEVIN

## SCHEDULE A

"(a) all Accounts and all Goods whose sale, lease or other disposition by such Borrower has given rise to Accounts and have been returned to or repossessed or stopped in transit by such Borrower; (b) all Chattel Paper, Instruments, Documents, and General Intangibles (including without limitation all patents, patent applications, trademarks, trademark applications, trade names, trade secrets, goodwill, copyrights, registrations, licenses, software, franchises, customer lists, tax refund claims, claims against carriers and shippers, guarantee claims, contracts rights, payment intangibles, security interests, security deposits, and any rights to indemnification); (c) all Inventory and other Goods, including without limitation Equipment, vehicles and Fixtures; (d) all Investment Property; (e) all Deposit Accounts, bank accounts, deposits and cash; (f) all Letter-of-Credit Rights; (g) Commercial Tort Claims listed on Exhibit H hereto; (h) any other property of Borrower now or hereafter in the possession, custody or control of Lender or any agent or any Affiliate of Lender or any participant with Lender in the Loans for any purpose (whether for safekeeping, deposit, collection, custody, pledge, transmission or otherwise); and (i) all additions and accessions to, substitutions for, and replacements, products and proceeds of the foregoing property, including without limitation proceeds of all insurance policies insuring the foregoing property, and all of such Borrower's books and records relating to any of the foregoing and to such Borrower's business."[1]

---

[1] All capitalized terms have the same meaning as defined in the June 19, 2006 Loan and Security Agreement attached as Group Exhibit A to the Complaint.