IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RZB FINANCE LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 07 C 6603 ) Judge Milton I. Shadur ) Magistrate Judge Susan E. Cox |
| PYRAMID STONE MFG., INC. and 11 S. EISENHOWER, LLC | ) ) ) |
| Defendants. | ) ) |

### ORDER FOR REPLEVIN

This cause coming on to be heard on Plaintiff's Motion for Order of Replevin, and the Court being fully advised in the premises, **THE COURT FINDS THAT:**

1. Due notice has been given to the Defendant Pyramid Stone Mfg., Inc., an Illinois Corporation ("Pyramid Stone").

2. Plaintiff RZB Finance LLC ("RZB") has established a prima facie case to a superior right to possession of the disputed property, identified in Schedule A hereto (the "Collateral"), and has also demonstrated to the Court the probability that RZB will ultimately prevail on the underlying claim to possession of the Collateral.

**IT IS THEREFORE HEREBY ORDERED THAT:**

1. By 5:00 p.m. on Tuesday, December 4, 2007, RZB shall post a bond of sufficient security in double the value of the Collateral, which the Court values for purposes of this Order at $ 2.4 million ℓℓs (the "Bond").

2. Upon RZB's delivery of the Bond to the United States Marshal, the Marshal shall take the Collateral or any portion thereof that may be found in the Marshal's

jurisdiction and deliver it to RZB forthwith unless Pyramid Stone executes a bond and security in double the value of the Collateral, in which case the Marshal shall return RZB's bond to the Clerk of the Court.

3. Until such time as the Marshal shall take possession of the Collateral, or through Friday, December 7, 2007 at 5:00 p.m., whichever is earlier, Pyramid Stone is prohibited from making or allowing any transfer or other disposition of, or interfering with, the Collateral.

3. The Marshal shall serve a copy of this Order on Pyramid Stone, and Pyramid Stone shall answer the Complaint by filing an answer or appearance on or before December 20, 2007 or, in case the Collateral or any part of it is not found, to answer to RZB for the value of the Collateral not found.

DATED: November 30, 2007

ENTER:

_____
The Honorable Milton I. Shadur

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RZB FINANCE LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 07 C 6603 |
| vs. | ) Judge Milton I. Shadur |
| | ) Magistrate Judge Susan E. Cox |
| PYRAMID STONE MFG., INC. and | |
| 11 S. EISENHOWER, LLC | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## ORDER FOR REPLEVIN

### SCHEDULE A

"(a) all Accounts and all Goods whose sale, lease or other disposition by such Borrower has given rise to Accounts and have been returned to or repossessed or stopped in transit by such Borrower; (b) all Chattel Paper, Instruments, Documents, and General Intangibles (including without limitation all patents, patent applications, trademarks, trademark applications, trade names, trade secrets, goodwill, copyrights, registrations, licenses, software, franchises, customer lists, tax refund claims, claims against carriers and shippers, guarantee claims, contracts rights, payment intangibles, security interests, security deposits, and any rights to indemnification); (c) all Inventory and other Goods, including without limitation Equipment, vehicles and Fixtures; (d) all Investment Property; (e) all Deposit Accounts, bank accounts, deposits and cash; (f) all Letter-of-Credit Rights; (g) Commercial Tort Claims listed on Exhibit H hereto; (h) any other property of Borrower now or hereafter in the possession, custody or control of Lender or any agent or any Affiliate of Lender or any participant with Lender in the Loans for any purpose (whether for safekeeping, deposit, collection, custody, pledge, transmission or otherwise); and (i) all additions and accessions to, substitutions for, and replacements, products and proceeds of the foregoing property, including without limitation proceeds of all insurance policies insuring the foregoing property, and all of such Borrower's books and records relating to any of the foregoing and to such Borrower's business."[1]

---

[1] All capitalized terms have the same meaning as defined in the June 19, 2006 Loan and Security Agreement attached as Group Exhibit A to the Complaint.
1198690v4 11/29/2007 10:05:35 PM

6024.001

"Collateral" shall not include the following leased equipment:

1. Toyota 7FGCU25 Serial Number 71904 forklift
2. Toyota 6FGCU45 Serial Number 60387 forklift
3. Toyota 7FGCU70 Serial Number 60244 forklift
4. Toyota 6FGCU25 Serial Number 72843 forklift
5. 1999 Chevrolet C3 500-HD 2002 Doolittle Trailer, VIN 1GBKC34J3XF2068003
6. 2003 Truck – Chevy – Kodiak, VIN IGBJ7J1E33F506
7. 1999 Truck –GMC Chevy- C Series, VIN 1GBKC34F4X40126015
8. 2002 Trailer – Doolitle, VIN IDGRS18262MO47662
9. Nortel Phones
10. 1 Credit Card Machine
11. 1 Sony Vaio
12. 1 Printer
13. 1 Copier
14. 1 Apple laptop
15. 2 Xerox Printer/Copiers
16. 1 Porsche
17. 1 Mercedes