

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RZB FINANCE LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 07 C 6603 |
| vs. | ) Judge Milton I. Shadur |
| | ) Magistrate Judge Susan E. Cox |
| PYRAMID STONE MFG., INC. and | ) |
| 11 S. EISENHOWER, LLC | ) |
| | ) |
| Defendants. | ) |

### SECOND AMENDED ORDER FOR REPLEVIN

This cause coming on to be heard on Plaintiff's Emergency Motion to Modify Amended Order of Replevin, and the Court being fully advised in the premises, **THE COURT FINDS THAT**:

1. Due notice has been given to the Defendant Pyramid Stone Mfg., Inc., an Illinois Corporation ("Pyramid Stone").

2. Plaintiff RZB Finance LLC ("RZB") has established a prima facie case to a superior right to possession of the disputed property, identified in Schedule A hereto (the "Collateral"), and has also demonstrated to the Court the probability that RZB will ultimately prevail on the underlying claim to possession of the Collateral.

**IT IS THEREFORE HEREBY ORDERED THAT**:

1. By 5:00 p.m. on Wednesday, December 12, 2007, RZB shall deposit with the Clerk of the Court an irrevocable standby letter of credit in form and substance acceptable to this Court and of sufficient security in double the value of the Collateral, which the Court values for purposes of this Order at $2.4 million (the "Letter of Credit").

2. Upon RZB's delivery of a copy of the Letter of Credit to the United States Marshal, the Marshal shall take the Collateral or any portion thereof that may be found in the Marshal's jurisdiction and deliver it to RZB forthwith unless Pyramid Stone executes a bond and security in double the value of the Collateral, in which case the Marshal shall return RZB's Letter of Credit to the Clerk of the Court.

3. Beginning at 9:25 a.m. on November 30, 2007, and continuing through Wednesday, December 12, 2007 at 5:00 p.m., Pyramid Stone is temporarily prohibited and restrained from making or allowing any transfer or other disposition of, or interfering with, the Collateral.

4. Upon RZB's deposit of the Letter of Credit with the Clerk of the Court, Pyramid Stone is preliminarily prohibited and enjoined from making or allowing any transfer or other disposition of, or interfering with, the Collateral, until further order of this Court.

5. Pyramid Stone shall answer the Complaint by filing an answer or appearance on or before December 20, 2007 or, in case the Collateral or any part of it is not found, to answer to RZB for the value of the Collateral not found.

DATED:   December 7, 2007

ENTER:

_____
The Honorable Milton I. Shadur