# Exhibit B

ORPORATION SERVICE COMPANY
vw.incspot.com

CSC- Springfield
801 Adlai Stevenson Drive
Springfield, IL 62703
217-544-5900
217-492-2727 (Fax)

| | | | |
|---|---|---|---|
| latter# | RZB/STONE WAREHOUSE | Order# | 180913-1 |
| roject Id : | | Order Date | 06/15/2006 |

dditional Reference : NOT PROVIDED

Entity Name :  PYRAMID STONE MFG., INC.   (Debtor)/ RZB FINANCE, LLC (Secured Party)

Jurisdiction :  IL-SECRETARY OF STATE

Request for :  UCC Filing
File Type :  ORIGINAL

Result :  Filed

File Number :  11062857
Filing Date :  06/15/2006

rdered by SONYA SZOT at GOLDBERG KOHN BELL BLACK ROSENBLOOM & MORITZ, LTD.

hank you for using CSC. For real-time 24 hour access to the status of any order placed with CSC, access our website at
rww.incspot.com.

f you have any questions concerning this order or IncSpot, please feel free to contact us.

AREN S. PARR
parr3@cscinfo.com

he responsibility for verification of the files and determination of the information therein lies with the filing officer; we accept no liability for errors or omissions.



```
SECRETARY
UNIFORM C
2006 JUN 15 AM 11:04
```

UCU106/15/06:05:2962:
20.00 MU
SDSIL 13:29 11062857 FS

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Corporation Service Company
P.O. Box 2969
Springfield, IL 62708

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| PYRAMID STONE MFG., INC. | | | |
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 11 S. EISENHOWER | LOMBARD | IL | 60148 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | CORP | IL | 57830786 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| RZB FINANCE LLC | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 24 GRASSY PLAIN STREET | BETHEL | CT | 06801 | USA |

4. This FINANCING STATEMENT covers the following collateral:

All assets of the Debtor, wherever located, whether now owned or existing or hereafter acquired or arising, together with all proceeds thereof.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | | ☐ All Debtors | ☐ Debtor 1 ☐ Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA

IL-Secretary Of State

182913-001 DXE

Corporation Service Company
2711 Centerville Rd, Ste. 400
Wilmington, DE 19808

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

**ACKNOWLEDGEMENT**

# Exhibit C

## LANDLORD LIEN WAIVER

11 S. Eisenhower LLC, an Illinois limited liability company ("Landlord"), being the owner and landlord of the premises described at 11 Eisenhower Lane, Lombard, Illinois 60148 ("Premises") and having leased such Premises to PYRAMID STONE MFG., INC., an Illinois corporation ("Tenant"), under that certain Industrial Building Lease dated April 21, 2003 ("Lease"), does hereby:

(a) Acknowledge that (i) Landlord has received notice that Tenant has entered into certain financing arrangements (the "Financing Arrangements") with RZB Finance LLC, ("Secured Party"), whereby Tenant has granted to Secured Party a security interest in all personal property of the Tenant (the "Collateral"), all or part of which may be located upon or affixed to the Premises and (ii) that Secured Party's security interest in the Collateral pursuant to the Financing Agreements is superior to any lien, right or claim of title of any nature which Landlord now has or hereafter may have or assert in or to the Collateral by statute, the Lease, any New Lease (as defined below), any other agreement or otherwise.

(b) Waive and release any and all right which Landlord now has or hereafter may have under applicable state laws, or by virtue of the Lease or any renewals, extensions, amendments, modifications or replacements thereof (the "New Lease"), (i) to distrain, levy or execute against the Collateral for any rent or other sums due or to become due under the Lease or any New Lease for the Premises or otherwise, and (ii) to claim, demand or assert any lien, right, claim or title to any or all of the Collateral, which now or hereafter may be, or may be installed, on said Premises, during the term of the aforesaid Financing Arrangements and any renewal, extension or modification thereof or substitution therefore.

(c) Agree that the Collateral is and will remain personal property and will not become part of the Premises, and is not and shall not become or be deemed to be fixtures.

(d) Agree that the Secured Party may enter and remain on the Premises at any time to assemble and remove the Collateral in the exercise of its rights and remedies arising from the aforesaid Financing Arrangements; provided that Secured Party shall be responsible for repairing any damage to the Premises caused by Secured Party's removal of the Collateral from the Premises.

(e) Agree to make this Waiver known to any transferee of the Premises and any person who may have any interest or right in the Premises or the Collateral.

(f) Agree to notify Secured Party of any default or early termination of its Lease with Tenant for any reason and allow Secured Party thirty (30) days from its receipt of notice in which to cure or cause Tenant to cure any such default.

(g) Agree to give Secured Party at least thirty (30) days prior notice if, for any reason whatsoever, Landlord either deems itself entitled to redeem or to take possession of the Premises during the term of the Lease or any New Lease or intends to sell or otherwise transfer all or any part of its interest in the Premises.

This Waiver shall be binding upon the heirs, administrators, executors, successors and assigns of the Landlord, and shall inure to the benefit of the successors and assigns of Secured Party.

This Agreement shall continue in force until all of the Tenant's obligations and liabilities to Secured Party are paid and satisfied in full and the Financing Arrangements between Secured Party and the Tenant have been terminated.

IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, has executed, sealed and delivered this Waiver as of this 16th day of June, 2006.

WITNESS:                                LANDLORD:

                                        11 S. EISENHOWER LLC

                                        By: _____
                                        Its: _____

# Exhibit D



May 30, 2007

**VIA FACSIMILE AND FEDERAL EXPRESS**

See Attached Distribution List

    Re:    Notice of Events of Default

Ladies and Gentlemen:

    Reference is made to that certain Loan and Security Agreement dated as of June 19, 2006 by and among Pyramid Stone Mfg., an Illinois corporation ("Pyramid Stone"), Stone Warehouse, LLC, an Illinois limited liability company ("Stone Warehouse" and, together with Pyramid Stone, collectively, the "Borrowers"), and RZB Finance LLC ("Lender") (as amended, restated, or otherwise modified from time to time, the "Loan Agreement"). All capitalized terms used herein and not otherwise defined herein shall have the same meanings herein as in the Loan Agreement.

    The undersigned hereby notifies the Borrowers that Events of Default exist under (a) subsection 15(b) of the Loan Agreement including, without limitation, as a result of the default by (i) by Pyramid Stone under subsection 13(b)(i) of the Loan Agreement for failure to deliver the monthly financial information required by such subsection for the months ended April 30, 2007, (ii) by each Borrower under subsection 13(b)(ii) of the Loan Agreement for failure to deliver the annual financial information required by such section for the fiscal year ended December 31, 2006, (iii) by Stone Warehouse under subsection 14(a) of the Loan Agreement for failure to comply with the maximum leverage ratio set forth therein for the periods ended September 30, 2006, December 31, 2006 and March 31, 2007, (iv) by Pyramid Stone under subsection 14(a) of the Loan Agreement for failure to comply with the maximum leverage ratio set forth therein for the period ended September 30, 2006, (v) by each Borrower under subsection 14(b) of the Loan Agreement for failure to comply with the maximum account dilution percentage set forth therein for the periods ended December 31, 2006 and March 31, 2007, (vi) by each Borrower under subsection 14(d) of the Loan Agreement for failure to comply with the maximum account turnover time periods set forth therein for the periods ended December 31, 2006 and March 31, 2007, and (vii) by Stone Warehouse under subsection 14(e) of the Loan Agreement for failure to comply with the minimum inventory turnover ratio set forth therein for the periods ended December 31, 2006 and March 31, 2007, and (b) subsection 15(n) of the Loan Agreement including, without limitation, as a result of a material adverse change in the business, assets and financial condition of Stone Warehouse (the foregoing Events of Default are collectively referred to herein as the "Existing Events of Default").

    The Existing Events of Default remain in existence as of the date hereof. The Existing Events of Default entitle the undersigned to exercise various rights and remedies

under the Loan Agreement, the Other Agreements and applicable law, including, without limitation, the right to increase the interest rate by 200 basis points, at the undersigned's discretion, without notice to any Borrower, pursuant to subsection 4(a) of the Loan Agreement. The Lender is presently evaluating all available courses of action relating to the Existing Events of Default. The undersigned reserves its right to exercise any of the rights and remedies available to the undersigned, at such time and place as may be elected by the undersigned. Nothing set forth herein shall be construed as a waiver by the undersigned of any such rights, and Lender's voluntary forbearance, if any, from exercising any of such rights or remedies is not intended (and should not be construed) as a waiver of the Existing Events of Default or a waiver of any rights and remedies with respect to them, all of which are reserved by the Lender. Although the Borrowers have been informed of the matters set forth herein, the undersigned shall have no obligation to inform any Borrower of any such or similar matters in the future, and nothing herein shall create such a duty.

We also are writing to notify the Borrowers that Agent and the Lender will require strict compliance with each and every term and condition of the Loan Agreement and the Other Agreements by the Borrowers and each other credit party signatory thereto. Without limiting the generality of the preceding sentence, Lender expects that the Borrowers and each other Obligor will cooperate fully with the Lender by, among other things, responding truthfully and completely to the Lender's requests for information about the Borrowers, the other Obligors and their respective assets.

Nothing contained in this letter or any delay on the part of Lender in exercising any of its rights and remedies under the Loan Agreement, the Other Agreements or applicable law shall be considered to be a waiver or modification thereof.

Very truly yours,

RZB FINANCE LLC, as Lender

By: /s/ Christoph Hoedl
Name: CHRISTOPH HOEDL
Title: Group Vice President

By: /s/ John A. Valiska
Name: JOHN A. VALISKA
Title: First Vice President

cc: Richard M. Kohn (via facsimile)
Jessica L. DeBruin (via facsimile)

# Exhibit E



November 6, 2007

**VIA FACSIMILE AND FEDERAL EXPRESS/RETURN RECEIPT**

Pyramid Stone Mfg.
11 South Eisenhower
Lombard, Illinois 60148
Attention: Mr. Carlo Verissimo
Facsimile No.: (630) 916-4723

Stone Warehouse, LLC
303 South Eisenhower
Lombard, Illinois 60148
Attention: Mr. Rodrigo Biscaya
Facsimile No.: (630) 916-4757

Re:   Demand Notice

Gentlemen:

Reference is made to (a) that certain Loan and Security Agreement dated as of June 19, 2006, by and among Pyramid Stone Mfg. ("Pyramid Stone"), Stone Warehouse, LLC ("Stone Warehouse," and together with Pyramid Stone, the "Borrowers") and RZB Finance LLC ("Lender") (as amended, modified or supplemented from time to time, the "Loan Agreement") and (b) that certain Forbearance Agreement dated as of October 19, 2007, by and among Borrowers and Lender (as amended from time to time, the "Forbearance Agreement"). Unless otherwise indicated, all capitalized terms used herein shall have the meanings ascribed thereto in the Forbearance Agreement.

As a result of the Existing Defaults and the termination of the Forbearance Period under the Forbearance Agreement, Lender is entitled to exercise immediately all of its rights and remedies under the Loan Agreement, the Other Agreements and applicable law.

**BORROWERS ARE HEREBY NOTIFIED THAT** Lender has elected to declare all amounts owing by Borrowers to Lender to be immediately due and payable. As of the date hereof, the aggregate amount owed by Borrowers to Lender is not less than $2,466,460.87. Accordingly, **DEMAND IS HEREBY MADE** upon Borrowers to immediately pay Lender $2,466,460.87 in cash ("Demand Amount"). Each of the Borrowers is and shall remain liable for other accrued and accruing interest, fees, charges and other amounts (including, without limitation, legal fees and expenses) due under the Loan Agreement and the Other Agreements until all Liabilities are paid in full. Payment of the Demand Amount shall be made by wire transfer to the following account:

RZB FINANCE LLC 24 Grassy Plain Street, Bethel, CT 06801 USA • Telephone: (203) 207-0115 • Fax: (203) 744-6474
Telex: 6738478 RZBLLCNY • *A WHOLLY OWNED SUBSIDIARY OF RAIFFEISEN ZENTRALBANK ÖSTERREICH AG (RZB-AUSTRIA)* •
Head Office: A-1030 Vienna, Am Stadtpark 9, Postal Address: A-1011 Vienna, P.O. Box 50 • Member of UNICO Banking Group

1033160v4 11/6/2007 3:35:44 PM                                                                                                  6024.001



RZB Finance LLC
ABA # 021000089
Credit to RZB Finance LLC
Re: Pyramid Stone/Stone Warehouse
Account No.: 36177625

       Nothing herein shall affect Lender's right to declare additional Events of Default (as defined in the Loan Agreement) for purposes of exercising its rights and remedies against either Borrower or any other party. Lender's election to take or not to take any other action at the present time shall neither constitute a waiver any of the rights and remedies available to it under the Loan Agreement, the Other Agreements or applicable law, nor constitute a waiver of any Events of Default, including, without limitation, the Existing Defaults described above.

       Sincerely,

RZB FINANCE LLC, as Lender

By: _____
Name: CHRISTOPH HOEDL
Title: Group Vice President

By: _____
Name: _____
Title: RANDALL ABRAMS
Vice President

cc:  Mr. Christoph Hoedl
     Mr. David Abrams
     Mitchell S. Roth, Esq.
     Alan P. Solow, Esq.

RZB FINANCE LLC 24 Grassy Plain Street, Bethel, CT 06801 USA • Telephone: (203) 207-0115 • Fax: (203) 744-6474
Telex: 6738478 RZBLLCNY • *A WHOLLY OWNED SUBSIDIARY OF RAIFFEISEN ZENTRALBANK ÖSTERREICH AG (RZB-AUSTRIA)* •
Head Office: A-1030 Vienna, Am Stadtpark 9, Postal Address: A-1011 Vienna, P.O. Box 50 • Member of UNICO Banking Group

-2-

# Exhibit F



November 14, 2007

Pyramid Stone Mfg.
11 South Eisenhower
Lombard, Illinois 60148
Attention: Mr. Carlo Verissimo

Ladies and Gentlemen:

Pyramid Stone Mfg. ("Pyramid") is indebted to RZB Finance LLC ("Lender") pursuant to a Loan and Security Agreement dated as of June 19, 2006, by and among Pyramid, Stone Warehouse, LLC ("Stone Warehouse," and together with Pyramid, the "Borrowers") and Lender (as amended, modified or supplemented from time to time, the "Loan Agreement"). Unless otherwise indicated, all capitalized terms used herein shall have the meanings ascribed thereto in the Loan Agreement.

Borrowers and Lender have executed a Forbearance Agreement, dated as of October 19, 2007, (as amended from time to time, the "Forbearance Agreement"), pursuant to which Lender agreed to forbear from exercising its rights and remedies under the Other Agreements on account of certain existing Events of Default, subject to the terms and conditions of the Forbearance Agreement. As a result of the expiration of the Forbearance Period under the Forbearance Agreement, Lender has delivered to Borrowers a demand notice dated November 6, 2007, pursuant to which Lender has demanded payment of all of the Obligations.

The parties hereto wish to facilitate the disposition of the Collateral in a manner designed to maximize the value of such Collateral for the benefit of all parties. In connection with such a disposition, Pyramid has agreed to surrender possession of the Collateral to Lender forthwith, so that Lender may proceed to dispose of the Collateral pursuant to its rights and remedies under the Illinois Uniform Commercial Code (the "UCC"), other applicable law, the Other Agreements and this Agreement. Therefore, Pyramid and Lender agree as follows:

1. Pyramid shall immediately and irrevocably abandon and surrender possession of all or a portion of the Collateral (as specified by Lender) to Lender. Such surrender of possession shall not constitute retention of the Collateral by Lender in satisfaction of all or any portion of the Obligations under the UCC. Lender hereby notifies Pyramid that Lender intends, until further notice by Lender, to post a security guard on Pyramid's premises; however, that shall not relieve Pyramid of its obligations to preserve and protect the Collateral as provided in the Loan Agreement.

2. All proceeds of Collateral coming into Pyramid's possession, whether before or after the surrender of possession of the Collateral to Lender, including without limitation, proceeds of accounts receivable or other proceeds of any of the Collateral, shall be held in trust for Lender and immediately remitted to Lender for application in accordance with the Other Agreements, until the Obligations are finally and indefeasibly paid in full.

3. Lender is not, and is not to be construed or deemed to be, a successor of Pyramid or any Guarantor, it being understood and agreed that Lender shall not and does not by virtue of this Agreement or surrender of any of the Collateral, assume or agree to assume any liability whatsoever of Pyramid, nor does Lender assume or agree to assume any obligation of Pyramid under any contract, lease, agreement, indenture or any other document to which Pyramid is a party, by which Pyramid is or may be bound, or which in any manner affects the Collateral.



4. Pyramid acknowledges that any indicia of ownership of any of the Collateral held at any time by Lender are held primarily to protect a security interest of Lender and that the rights and authority granted to Lender hereunder are granted solely for the purposes of mitigating defaults by Borrowers under the Loan Agreement and the Other Agreements and for preserving, or preventing the diminution of, the value of the Collateral.

5. Pyramid represents that all of the Collateral is owned solely by Pyramid, and that no portion of the Collateral is under consignment, loan, lease, on conditional sale by a third party, or otherwise not owned solely by Pyramid, and Pyramid has not, as of the date of this Agreement, received any notice of any (i) reclamation by any creditor or lessor, (ii) tax lien or (iii) execution (by garnishment or otherwise) against or seizure of any of the Collateral.

6. Pyramid shall deliver to Lender, promptly upon Lender's request, such books and records with respect to the Collateral, including without limitation, all of Pyramid's books and records concerning Pyramid's accounts receivable and existing or potential mechanic's liens for goods sold and services rendered. At such time as Lender has completed its disposition of all the Collateral, Lender shall return to Pyramid all of Pyramid's books and records then in Lender's possession or under Lender's control.

7. The failure by Lender to exercise any of its rights and/or remedies hereunder, under the Loan Agreement, the Other Agreements or applicable law shall not constitute a waiver of such rights or remedies, nor shall a waiver of any such right and/or remedy on one occasion be deemed a continuing waiver or preclude exercise of any other rights or remedies.

Please acknowledgment your agreement with the foregoing in the space provided below.

Very truly yours,

RZB FINANCE LLC

By _____
Nicolas M. Moriatis
Its _____
Group Vice President
Controller

By _____
F. Dieter Beintrexler
Its _____
F. DIETER BEINTREXLER
President

Accepted and agreed this ____ day of November, 2007:

PYRAMID STONE MFG.

By _____
Its _____

RZB FINANCE LLC 24 Grassy Plain Street, Bethel, CT 06801 USA • Telephone: (203) 207-0115 • Fax: (203) 744-6474
Telex: 6738478 RZBLLCNY • *A WHOLLY OWNED SUBSIDIARY OF RAIFFEISEN ZENTRALBANK ÖSTERREICH AG (RZB-AUSTRIA)* •
Head Office: A-1030 Vienna, Am Stadtpark 9, Postal Address: A-1011 Vienna, P.O. Box 50 • Member of UNICO Banking Group

# Exhibit G

**GOLDBERG KOHN**                                                          GOLDBERG KOHN BELL BLACK ROSENBLOOM & MORITZ, LTD

November 20, 2007                                        david.morrison@goldbergkohn.com
                                                         direct phone: 312.201.3972
                                                         direct fax: 312.863.7472

**VIA E-MAIL**

11 S. EISENHOWER, LLC
c/o Mitchell S. Roth
Much Shelist
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606

Gentlemen:

This law firm represents RZB Finance LLC ("RZB"). On June 19, 2006 RZB, Pyramid Stone Mfg., Inc. ("Pyramid Stone"), and Stone Warehouse, LLC ("Stone Warehouse") (Pyramid Stone and Stone Warehouse are collectively referred to herein as the "Borrowers") executed a Loan and Security Agreement (as amended, modified or supplemented from time to time, the "Loan Agreement"). Unless otherwise indicated, all capitalized terms used herein shall have the meanings ascribed thereto in the Loan Agreement. Pyramid Stone is indebted to RZB pursuant to the Loan Agreement.

Borrowers and RZB have executed a Forbearance Agreement, dated as of October 19, 2007 (as amended from time to time, the "Forbearance Agreement"), pursuant to which RZB agreed to forbear from exercising its rights and remedies under the Other Agreements on account of certain existing Events of Default, subject to the terms and conditions of the Forbearance Agreement. As a result of the expiration of the Forbearance Period under the Forbearance Agreement, RZB has delivered to Borrowers a demand notice dated November 6, 2007, pursuant to which RZB has demanded payment of all of the Obligations.

11 S. Eisenhower, LLC ("Landlord"), as owner and landlord of the premises described as 11 S. Eisenhower Lane, Lombard, Illinois 60148 ("Premises") and having leased such Premises to Pyramid Stone, executed a Landlord Lien Waiver, dated June 16, 2006 (the "Landlord Lien Waiver"), pursuant to which Landlord agreed, among other things: to waive and release any claims it may have against the Collateral, that the Collateral was and shall remain personal property and not become part of the Premises and is not fixtures; and that RZB may enter and remain on the Premises at any time to exercise its rights under the Loan Agreement; provided that RZB shall be responsible for repairing any damage to the Premises caused by RZB's removal of the Collateral from the Premises.

RZB has asked Pyramid Stone to voluntarily turn over possession of RZB's Collateral pursuant to the terms of a collateral turnover agreement that RZB sent Pyramid Stone dated November 14, 2007. Pyramid Stone has not agreed to the voluntary turn over.

1196668v4 11/20/2007 9:02:47 PM     5024.001          TEL 312.201.4000  FAX 312.332.2196  WEB WWW.GOLDBERGKOHN.COM
                                                                            55 EAST MONROE STREET SUITE 3700  CHICAGO ILLINOIS 60603-5802

MERITAS LAW FIRMS WORLDWIDE

GOLDBERG KOHN BELL BLACK ROSENBLOOM & MORITZ, LTD

11 S. EISENHOWER, LLC
November 20, 2007
Page 2


In the event that Pyramid Stone does not voluntarily turn over possession of the Collateral, RZB has instructed us to seek a judicial order of replevin. We are writing to confirm that should Pyramid Stone voluntarily turn over RZB's Collateral, or should RZB obtain an order of replevin through judicial proceedings, Landlord will, consistent with its obligations under the Landlord Lien Waiver:

1. Immediately allow RZB to enter and remain on the Premises at any time to assemble and remove the Collateral in the exercise of its rights and remedies arising from the Loan Agreement; provided that RZB shall be responsible for repairing any damage to the Premises caused by RZB's removal of the Collateral from the Premises.

2. Release any and all right to distrain, levy, or execute against the Collateral for any rent or other sums due or to become due to Landlord and/or to claim, demand, or assert any lien, right, claim or title to any or all of the Collateral.

3. Acknowledge that the Collateral is personal property, not part of the Premises, and not fixtures.

Please acknowledge your agreement with the foregoing in the space provided below and return a signed copy to my attention as soon as possible.

Very truly yours,

*[signature]*
David E. Morrison


ACCEPTED and AGREED TO
this ____ day of November, 2007

11 S. EISENHOWER, LLC


By _____
Its _____