# Exhibit 2

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| RZB Finance LLC<br><br>vs.<br><br>Pyramid Stone MFG., Inc. and 11 S. Eisenhower, LLC | Case Number 07 C 6603 |

AFFIDAVIT OF NON-SERVICE

I, Richard Sylvester, being first duly sworn on oath deposes and states that I am over the age of 21 years and not a party to this action, and on that I was unable to serve the following documents:

Summons In A Civil Case, Notice of Motion, Plaintiff's Motion for Order of Replevin, Verified Complaint For Replevin and Other Relief

Upon: 11 S. Eisenhower, LLC

At: 11 S. Eisenhower, Lombard, IL

Due to the following:

Service was attempted at the above said address on 11/28/07 at 1:10PM. This is a business located in an industrial park area. The building does not appear to be occupied, and does have a sign on it that says "Pyramid Stone". There are no cars in the parking lot. The lot does have construction trucks with the Pyramid Stone logo on them. The business does not appear to be operating or running from the location as no one is at the location.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this affidavit of service are true and correct.

Further the Affiant Sayeth Naught:

Richard Sylvester
United Processing, Inc.
55 West Wacker Drive
9th Floor
Chicago, IL 60601
312.629.0140
IL License #117-001101

Signed and Sworn to before me this 29 day of November, 2007

Notary Public Corey Fertel

"OFFICIAL SEAL" COREY FERTEL NOTARY PUBLIC STATE OF ILLINOIS

# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RZB FINANCE LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 C 6603 |
| vs. | ) | Judge Milton I. Shadur |
| | ) | Magistrate Judge Susan E. Cox |
| **PYRAMID STONE MFG., INC. and 11 S. EISENHOWER, LLC,** | ) | |
| | ) | |
| Defendants. | ) | |

**TEMPORARY RESTRAINING ORDER**

This cause having come to be heard upon RZB Finance LLC's Motion for Temporary Restraining Order, and this Court having been fully advised in this matter, and for the reasons this Court stated on the record at the November 30, 2007 hearing;

IT IS HEREBY ORDERED that RZB Finance LLC's Motion for Temporary Restraining Order is GRANTED. From November 30, 2007 at 9:25 a.m. through December 14, 2007 at 9:35 a.m., 11 S. Eisenhower, LLC, and anyone acting in concert with 11 S. Eisenhower, LLC, is enjoined from denying RZB Finance LLC access to 11 S. Eisenhower Lane, Lombard, Illinois 60148, at any time to assemble, take possession and remove the Collateral identified on Schedule A attached to the Order for Replevin which this Court contemporaneously entered with the entry of this Order. Having analyzed the balance of harms between the parties, this Court further orders that RZB Finance LLC is not required to post any security for the entry of this temporary restraining order. A status hearing for this matter is scheduled for December 11, 2007 at 9:00 a.m.

ENTERED this 30th day of November, 2007

Milton I. Shadur
Judge Milton I. Shadur

# Exhibit 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RZB FINANCE LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 C 6603 |
| vs. | ) | Judge Milton I. Shadur |
| | ) | Magistrate Judge Susan E. Cox |
| **PYRAMID STONE MFG., INC. and 11 S. EISENHOWER, LLC** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER FOR REPLEVIN

This cause coming on to be heard on Plaintiff's Motion for Order of Replevin, and the Court being fully advised in the premises, **THE COURT FINDS THAT**:

1. Due notice has been given to the Defendant Pyramid Stone Mfg., Inc., an Illinois Corporation ("Pyramid Stone").

2. Plaintiff RZB Finance LLC ("RZB") has established a prima facie case to a superior right to possession of the disputed property, identified in Schedule A hereto (the "Collateral"), and has also demonstrated to the Court the probability that RZB will ultimately prevail on the underlying claim to possession of the Collateral.

**IT IS THEREFORE HEREBY ORDERED THAT**:

1. By 5:00 p.m. on Tuesday, December 4, 2007, RZB shall post a bond of sufficient security in double the value of the Collateral, which the Court values for purposes of this Order at $2.4 million Cox (the "Bond").

2. Upon RZB's delivery of the Bond to the United States Marshal, the Marshal shall take the Collateral or any portion thereof that may be found in the Marshal's

jurisdiction and deliver it to RZB forthwith unless Pyramid Stone executes a bond and security in double the value of the Collateral, in which case the Marshal shall return RZB's bond to the Clerk of the Court.

3. Until such time as the Marshal shall take possession of the Collateral, or through Friday, December 7, 2007 at 5:00 p.m., whichever is earlier, Pyramid Stone is prohibited from making or allowing any transfer or other disposition of, or interfering with, the Collateral.

3. The Marshal shall serve a copy of this Order on Pyramid Stone, and Pyramid Stone shall answer the Complaint by filing an answer or appearance on or before December 20, 2007 or, in case the Collateral or any part of it is not found, to answer to RZB for the value of the Collateral not found.

DATED: November 30, 2007

ENTER:

The Honorable Milton I. Shadur

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**RZB FINANCE LLC,**

Plaintiff,

vs.

**PYRAMID STONE MFG., INC. and 11 S. EISENHOWER, LLC**

Defendants.

**No. 07 C 6603**
**Judge Milton I. Shadur**
**Magistrate Judge Susan E. Cox**

**ORDER FOR REPLEVIN**

**SCHEDULE A**

"(a) all Accounts and all Goods whose sale, lease or other disposition by such Borrower has given rise to Accounts and have been returned to or repossessed or stopped in transit by such Borrower; (b) all Chattel Paper, Instruments, Documents, and General Intangibles (including without limitation all patents, patent applications, trademarks, trademark applications, trade names, trade secrets, goodwill, copyrights, registrations, licenses, software, franchises, customer lists, tax refund claims, claims against carriers and shippers, guarantee claims, contracts rights, payment intangibles, security interests, security deposits, and any rights to indemnification); (c) all Inventory and other Goods, including without limitation Equipment, vehicles and Fixtures; (d) all Investment Property; (e) all Deposit Accounts, bank accounts, deposits and cash; (f) all Letter-of-Credit Rights; (g) Commercial Tort Claims listed on Exhibit H hereto; (h) any other property of Borrower now or hereafter in the possession, custody or control of Lender or any agent or any Affiliate of Lender or any participant with Lender in the Loans for any purpose (whether for safekeeping, deposit, collection, custody, pledge, transmission or otherwise); and (i) all additions and accessions to, substitutions for, and replacements, products and proceeds of the foregoing property, including without limitation proceeds of all insurance policies insuring the foregoing property, and all of such Borrower's books and records relating to any of the foregoing and to such Borrower's business."[1]

[1] All capitalized terms have the same meaning as defined in the June 19, 2006 Loan and Security Agreement attached as Group Exhibit A to the Complaint.

"Collateral" shall not include the following leased equipment:

1. Toyota 7FGCU25 Serial Number 71904 forklift
2. Toyota 6FGCU45 Serial Number 60387 forklift
3. Toyota 7FGCU70 Serial Number 60244 forklift
4. Toyota 6FGCU25 Serial Number 72843 forklift
5. 1999 Chevrolet C3 500-HD 2002 Doolittle Trailer, VIN 1GBKC34J3XF2068003
6. 2003 Truck – Chevy – Kodiak, VIN IGBJ7J1E33F506
7. 1999 Truck –GMC Chevy- C Series, VIN 1GBKC34F4X40126015
8. 2002 Trailer – Doolitle, VIN IDGRS18262MO47662
9. Nortel Phones
10. 1 Credit Card Machine
11. 1 Sony Vaio
12. 1 Printer
13. 1 Copier
14. 1 Apple laptop
15. 2 Xerox Printer/Copiers
16. 1 Porsche
17. 1 Mercedes

# Exhibit 5



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RZB FINANCE LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 C 6603 |
| vs. | ) | Judge Milton I. Shadur |
| | ) | Magistrate Judge Susan E. Cox |
| **PYRAMID STONE MFG., INC. and 11 S. EISENHOWER, LLC** | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED ORDER FOR REPLEVIN**

This cause coming on to be heard on Plaintiff's Motion to Amend Order of Replevin, and the Court being fully advised in the premises, **THE COURT FINDS THAT**:

1. Due notice has been given to the Defendant Pyramid Stone Mfg., Inc., an Illinois Corporation ("Pyramid Stone").

2. Plaintiff RZB Finance LLC ("RZB") has established a prima facie case to a superior right to possession of the disputed property, identified in Schedule A hereto (the "Collateral"), and has also demonstrated to the Court the probability that RZB will ultimately prevail on the underlying claim to possession of the Collateral.

**IT IS THEREFORE HEREBY ORDERED THAT**:

1. By 5:00 p.m. on Friday, December 7, 2007, RZB shall deposit with the Clerk of the Court an irrevocable standby letter of credit in form and substance acceptable to this Court and of sufficient security in double the value of the Collateral, which the Court values for purposes of this Order at $2.4 million (the "Letter of Credit").

2. Upon RZB's delivery of a copy of the Letter of Credit to the United States Marshal, the Marshal shall take the Collateral or any portion thereof that may be found in the Marshal's jurisdiction and deliver it to RZB forthwith unless Pyramid Stone executes a bond and security in double the value of the Collateral, in which case the Marshal shall return RZB's Letter of Credit to the Clerk of the Court.

3. Beginning at 9:25 a.m. on November 30, 2007, and continuing through Friday, December 7, 2007 at 5:00 p.m., Pyramid Stone is temporarily prohibited and restrained from making or allowing any transfer or other disposition of, or interfering with, the Collateral.

4. Upon RZB's deposit of the Letter of Credit with the Clerk of the Court, Pyramid Stone is preliminarily prohibited and enjoined from making or allowing any transfer or other disposition of, or interfering with, the Collateral, until further order of this Court.

5. Pyramid Stone shall answer the Complaint by filing an answer or appearance on or before December 20, 2007 or, in case the Collateral or any part of it is not found, to answer to RZB for the value of the Collateral not found.

DATED: December 6, 2007

ENTER:

[signature]

The Honorable Milton I. Shadur

# Exhibit 6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RZB FINANCE LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 C 6603 |
| vs. | ) | Judge Milton I. Shadur |
| | ) | Magistrate Judge Susan E. Cox |
| **PYRAMID STONE MFG., INC. and 11 S. EISENHOWER, LLC** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**SECOND AMENDED ORDER FOR REPLEVIN**

This cause coming on to be heard on Plaintiff's Emergency Motion to Modify Amended Order of Replevin, and the Court being fully advised in the premises, **THE COURT FINDS THAT:**

1. Due notice has been given to the Defendant Pyramid Stone Mfg., Inc., an Illinois Corporation ("Pyramid Stone").

2. Plaintiff RZB Finance LLC ("RZB") has established a prima facie case to a superior right to possession of the disputed property, identified in Schedule A hereto (the "Collateral"), and has also demonstrated to the Court the probability that RZB will ultimately prevail on the underlying claim to possession of the Collateral.

**IT IS THEREFORE HEREBY ORDERED THAT:**

1. By 5:00 p.m. on Wednesday, December 12, 2007, RZB shall deposit with the Clerk of the Court an irrevocable standby letter of credit in form and substance acceptable to this Court and of sufficient security in double the value of the Collateral, which the Court values for purposes of this Order at $2.4 million (the "Letter of Credit").

2. Upon RZB's delivery of a copy of the Letter of Credit to the United States Marshal, the Marshal shall take the Collateral or any portion thereof that may be found in the Marshal's jurisdiction and deliver it to RZB forthwith unless Pyramid Stone executes a bond and security in double the value of the Collateral, in which case the Marshal shall return RZB's Letter of Credit to the Clerk of the Court.

3. Beginning at 9:25 a.m. on November 30, 2007, and continuing through Wednesday, December 12, 2007 at 5:00 p.m., Pyramid Stone is temporarily prohibited and restrained from making or allowing any transfer or other disposition of, or interfering with, the Collateral.

4. Upon RZB's deposit of the Letter of Credit with the Clerk of the Court, Pyramid Stone is preliminarily prohibited and enjoined from making or allowing any transfer or other disposition of, or interfering with, the Collateral, until further order of this Court.

5. Pyramid Stone shall answer the Complaint by filing an answer or appearance on or before December 20, 2007 or, in case the Collateral or any part of it is not found, to answer to RZB for the value of the Collateral not found.

DATED: December 7, 2007

ENTER:

[signature]

The Honorable Milton I. Shadur

# Exhibit 7



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **RZB FINANCE LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 C 6603 |
| vs. | ) | Judge Milton I. Shadur |
| **PYRAMID STONE MFG., INC. and 11 S. EISENHOWER, LLC,** | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

For the reasons stated in open court at the December 11, 2007 status hearing;

IT IS HEREBY ORDERED THAT:

1. The Temporary Restraining Order entered November 30, 2007 and scheduled to expire December 14, 2007, at 9:35 a.m., shall be extended until January 3, 2008 at 9:35 a.m. From November 30, 2007 at 9:25 a.m. through January 3, 2008 at 9:35 a.m., 11 S. Eisenhower, LLC, and anyone acting in concert with 11 S. Eisenhower, LLC, is enjoined from denying RZB Finance LLC access to 11 S. Eisenhower Lane, Lombard, Illinois 60148, at any time to assemble, take possession and remove the Collateral identified on Schedule A attached to the Order for Replevin which this Court contemporaneously entered with the entry of the Temporary Restraining Order on November 30, 2007.

2. A hearing on Plaintiff's motion for preliminary injunction shall be conducted on December 20, 2007, at 9:30 a.m.

3. All filings in support of or in opposition to Plaintiff's motion for preliminary injunction shall be filed on or before December 19, 2007 at 9:30 a.m.

ENTERED this 11th day of December, 2007

Judge Milton I. Shadur