IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RZB FINANCE LLC,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 07 C 6603 ) Judge Milton I. Shadur ) Magistrate Judge Susan E. Cox |
| **PYRAMID STONE MFG., INC. and 11 S. EISENHOWER, LLC,** | ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF'S MOTION FOR DEFAULT

Plaintiff RZB Finance LLC ("RZB"), by its undersigned counsel, hereby moves, pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P.") 54 (b), 55 (a) and (b)(2), for the entry of an order of default and judgment by default due to the failure of Defendants Pyramid Stone Mfg., Inc. ("Pyramid Stone") and 11 S. Eisenhower, LLC ("Landlord) (collectively, "Defendants") to answer or otherwise plead in response to RZB's complaint. In support thereof, RZB states as follows:

1.  RZB filed its four-count Verified Complaint for Replevin and Other Relief on November 21, 2007.

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(3) because this matter involves a dispute between citizens of different States and a citizen of a foreign state, and the amount in controversy exceeds the sum of $75,000.

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a) because a substantial part of the events and omissions giving rise to the claims herein occurred in this judicial district.

4. Service was properly effected upon Defendants on November 29, 2007, pursuant to Fed.R.Civ.P. 4(h)(1), by delivering a copy of the summons and complaint to Defendants' registered agent for service of process, Mitchell Roth. A true and correct copy of the Affidavit of Service is attached hereto as Exhibit A. Consequently, Defendants responses to RZB's complaint were due on or before December 19, 2007.

5. Defendants have not filed appearances nor have they filed responsive pleadings to RZB's complaint within the time permitted by Fed.R.Civ.P.12(a)(1).

6. Therefore, Defendants Pyramid Stone and Landlord are in default.

7. When an application is made to the court under Rule 55(b)(2) for entry of judgment by default, the court should exercise its sound judicial discretion in determining whether the judgment should be entered. *Hal Commodity Cycles Management co., v. Kirsh*, 825 F.2d 1136, 1138 (7th Cir. 1987). Although the law favors trial on the merits, that consideration must be balanced against the need to promote efficient litigation and to protect the interests of all litigants. *C.K.S. Engineers, Inc., v. White Mountain Gypsum Company*, 726 F.2d 1202, 1206 (7th Cir. 1984). Accordingly, district courts must have the default judgment readily available within its arsenal of sanctions "in order to ensure that litigants who are vigorously pursuing their cases are not hindered by those who are not." *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1230 (7th Cir. 1983).

8. Rule 55 does not require that testimony be presented as a prerequisite to the entry of default. *Dundee Cement Company v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). If the court determines that the defendant is in default, the well-plead factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Id.* A default judgment establishes, as a matter of

law, that defendants are liable to plaintiff as to each cause of action alleged in the complaint. *Breuer Electric Mfg. Co. v. Toronado Systems of America Inc.,* 687 F.2d 182, 186 (7th Cir. 1982).

9. The allegations of RZB's complaint are well-plead and should be taken as true.

10. With respect to Counts I (Breach of Contract) and III (Conversion) of its complaint, RZB respectfully requests that this Court enter an order of default against Defendant Pyramid Stone on those counts, pursuant to Fed.R.Civ.P. 55(a). In addition RZB respectfully requests that this Court schedule this matter for a prove-up on damages with respect to those counts.

11. With respect to Count II (Replevin) of its complaint, RZB respectfully requests that this Court enter an order of judgment by default against Defendant Pyramid Stone, pursuant to Fed.R.Civ.P. 55(b)(2), granting RZB a final order of possession of the property identified on Schedule A to the Order for Replevin entered by this Court on November 30, 2007, a true and accurate copy of which is attached hereto as Exhibit B (the Collateral").

12. With respect to Count IV (Action for Declaratory Judgment) of its complaint, RZB respectfully requests that this Court enter an order of judgment by default against Defendant Landlord, pursuant to Fed.R.Civ.P. 55(b)(2), permanently enjoining Landlord, or anyone acting in concert with Landlord, from denying RZB access to 11 S. Eisenhower Lane, Lombard, Illinois 60148, at any time, for purposes of assembling and removing the Collateral.

13.     RZB also respectfully requests that with respect to Count II and Count IV of its complaint that this Court make an express determination that, pursuant to Fed.R.Civ.P. 54 (b), there is no just reason for delaying enforcement of the express orders of judgment by default sought herein.  "In determining whether there is no just reason for delay, the district court may properly consider all of the consequences of a final judgment or the lack thereof and balance the competing interests of the parties in the context of the particular case."  *Bank of Lincolnwood v. Federal Leasing, Inc*., 622 F.2d 944, 949-50, at fn.7 (7th Cir. 1980).  The just economic interest of the plaintiff in the prompt entry of a final enforceable judgment is a factor which the trial court may properly consider.  *Id*., at 951 citing *Curtiss-Wright Corp. v. General Electric Co*., 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). Here, RZB has an economic interest in a final order of possession with respect to the Collateral so that RZB can sell the Collateral, in a commercially reasonable manner, as quickly as possible.  Moreover, as the 7th Circuit noted in *Bank of Lincolnwood*, where as here, liability is uncontested, considerations of judicial economy militating against the entry of a final judgment pursuant to Fed.R.Civ.P. 54(b) are not present.  *Id*., at 952, at fn. 10.

14.     Finally, RZB respectfully requests that this Court enter an order finding that the original irrevocable standby letter of credit deposited by RZB with the Clerk of the Court pursuant to the Court's Second Amended Order for Replevin entered December 7, 2007, is no longer necessary or required and further directing the Clerk of the Court to return the original standby letter of credit to RZB's counsel.

WHEREFORE, for the foregoing reasons, Plaintiff RZB Finance LLC prays that this Honorable Court:

a. Enter an order of default against Defendant Pyramid Stone, Mfg., Inc., on Counts I and III of RZB's complaint and set this matter for prove-up on damages with respect to those counts;

b. Enter a final order of judgment by default against Defendant Pyramid Stone, Mfg., Inc., on Count II of RZB's complaint, including a finding that there is no just reason for delaying enforcement;

c. Enter a final order of judgment by default against Defendant 11 S. Eisenhower, LLC, on Count IV or RZB's complaint, including a finding that there is no just reason for delaying enforcement;

d. Enter a final order holding that the original irrevocable standby letter of credit, deposited by RZB with the Clerk of the Court pursuant to this Court's Second Amended Order for Replevin entered December 7, 2007, is no longer necessary or required;

e. Enter a final order directing the Clerk of the Court to return the original irrevocable standby letter of credit to RZB's counsel; and

f. Grant any other relief deemed appropriate by the Court;

Dated: December 26, 2007

                                              Respectfully Submitted,

                                              /s/ William C. Meyers
                                                  One of Its Attorneys

-6-

William C. Meyers
David E. Morrison
Mary E. Anderson
GOLDBERG KOHN BELL BLACK
  ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois  60603
(312) 201-4000

*Attorneys for RZB Finance LLC*