# Exhibit  B

**CORPORATION SERVICE COMPANY**
www.incspot.com

CSC- Springfield
801 Adlai Stevenson Drive
Springfield, IL 62703
217-544-5900
217-492-2727 (Fax)

Matter#     RZB/STONE WAREHOUSE
Project Id :
Additional Reference : NOT PROVIDED

Order#          180913-2
Order Date      06/15/2006

| | |
|---|---|
| **Entity Name :** | STONE WAREHOUSE, LLC   (Debtor)/ RZB FINANCE, LLC (Secured Party) |
| **Jurisdiction :** | IL-SECRETARY OF STATE |
| **Request for :** | UCC Filing |
| **File Type :** | ORIGINAL |
| **Result :** | Filed |
| **File Number :** | 11062849 |
| **Filing Date :** | 06/15/2006 |

Ordered by SONYA SZOT at GOLDBERG KOHN BELL BLACK ROSENBLOOM & MORITZ, LTD.

Thank you for using CSC.  For real-time 24 hour access to the status of any order placed with CSC, access our website at www.incspot.com.

If you have any questions concerning this order or IncSpot,  please feel free to contact us.

KAREN S. PARR
parr3@cscinfo.com

The responsibility for verification of the files and determination of the information therein lies with the filing officer; we accept no liability for errors or omissions.

SECRETARY
UNIFORM COM

2006 JUN 15  AM 11:04

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Corporation Service Company
P.O. Box 2900
Springfield, IL 62708

UCU106/15/06:05:2961:
20.00 MU
SOSIL 13:29  11062849 FS

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| STONE WAREHOUSE, LLC | | | |

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 11 S. EISENHOWER | LOMBARD | IL | 60148 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | CORP | IL | 00660175 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| RZB FINANCE LLC | | | |

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 24 GRASSY PLAIN STREET | BETHEL | CT | 06801 | USA |

4. This FINANCING STATEMENT covers the following collateral:

All assets of the Debtor, wherever located, whether now owned or existing or hereafter acquired or arising, together with all proceeds thereof.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA

IL-Secretary Of State

180113-002 DXF

Corporation Service Company
2711 Centerville Rd, Ste. 400
Wilmington, DE 19808

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

ACKNOWLEDGEMENT

ORPORATION SERVICE COMPANY
rw.incspot.com

CSC- Springfield
801 Adlai Stevenson Drive
Springfield, IL 62703
217-544-5900
217-492-2727 (Fax)

latter#    RZB/STONE WAREHOUSE
roject Id :
dditional Reference : NOT PROVIDED

Order#        180913-1
Order Date    06/15/2006

| | |
|---|---|
| Entity Name : | PYRAMID STONE MFG., INC.   (Debtor)/ RZB FINANCE, LLC (Secured Party) |
| Jurisdiction : | IL-SECRETARY OF STATE |
| Request for : | UCC Filing |
| File Type : | ORIGINAL |
| Result : | Filed |
| File Number : | 11062857 |
| Filing Date : | 06/15/2006 |

rdered by SONYA SZOT at GOLDBERG KOHN BELL BLACK ROSENBLOOM & MORITZ, LTD.

hank you for using CSC.  For real-time 24 hour access to the status of any order placed with CSC, access our website at rww.incspot.com.

f you have any questions concerning this order or IncSpot,  please feel free to contact us.

ÁREN S. PARR
parr3@cscinfo.com

he responsibility for verification of the files and determination of the information therein lies with the filing officer; we accept no liability for errors or omissions.

SECRETARY OF STATE
UNIFORM COMMERCIAL

2006 JUN 15 AM 11: 04

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**



Corporation Service Company
P.O. Box 2969
Springfield, IL 62708

UCU106/15/06:05:2962:
20.00 MU
SDSIL 13:29  11062857 FS

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | |
|---|---|
| 1a. ORGANIZATION'S NAME | |
| OR  PYRAMID STONE MFG., INC. | |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 11 S. EISENHOWER | LOMBARD | IL | 60148 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | CORP | IL | 57830786 | □ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| | |
|---|---|
| 2a. ORGANIZATION'S NAME | |
| OR | |

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | □ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P)** - insert only one secured party name (3a or 3b)

| | |
|---|---|
| 3a. ORGANIZATION'S NAME | |
| OR  RZB FINANCE LLC | |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 24 GRASSY PLAIN STREET | BETHEL | CT | 06801 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

All assets of the Debtor, wherever located, whether now owned or existing or hereafter acquired or arising, together with all proceeds thereof.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|

**8. OPTIONAL FILER REFERENCE DATA**

IL-Secretary Of State

182413-001 DXF

Corporation Service Company
2711 Centerville Rd, Ste. 400
Wilmington, DE 19808

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

**ACKNOWLEDGEMENT**

ORPORATION SERVICE COMPANY

w.incspot.com

CSC- Springfield
801 Adlai Stevenson Drive
Springfield, IL 62703
217-544-5900
217-492-2727 (Fax)

atter#    6024.001
oject Id :
lditional Reference : RZB/STONE WAREHOUSE

Order#        198576-3
Order Date    06/22/2006

| | |
|---|---|
| Entity Name : | CARLO VERISSIMO   (Debtor)/ RZB FINANCE LLC   (Secured Party) |
| Jurisdiction : | IL-SECRETARY OF STATE |
| Request for : | UCC Filing |
| File Type : | ORIGINAL |
| Result : | Filed |
| File Number : | 11086284 |
| Filing Date : | 06/22/2006 |

dered by SONYA SZOT at GOLDBERG KOHN BELL BLACK ROSENBLOOM & MORITZ, LTD.

lank you for using CSC.  For real-time 24 hour access to the status of any order placed with CSC, access our website at
vw.incspot.com.

you have any questions concerning this order or IncSpot,  please feel free to contact us.

cole M. Meyer
1eyer@cscinfo.com

e responsibility for verification of the files and determination of the information therein lies with the filing officer; we accept no liability for errors or omissions.

RECEIVED
SECRETARY OF STATE
UNIFORM COMM. CODE

2006 JUN 22 PM 2:49

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Corporation Service Company
P.O. Box 2969
Springfield, IL 62708

UCU106/22/06·07·6573·
20.00 MU
SOSIL 15:23  11086284 FS

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| VERISSIMO | CARLO | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 14 S. YORKSHIRE WOODS | OAK BROOK | IL | 60523 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| | | | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| RZB FINANCE LLC | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| | | | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 24 GRASSY PLAIN STREET | BETHEL | CT | 06801 | USA |

4. This FINANCING STATEMENT covers the following collateral:

Any existing or hereafter acquired shares of capital stock or membership interest of Debtor in Pyramid Stone Mfg., Inc., an Illinois Corporation, and Stone Warehouse, LLC, an Illinois Limited Liability Company, including without limitation, Debtor's interest as a stockholder and member in the voting, capital, income, profits and distributions thereunder, together with all proceeds thereof.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | | |
| IL-Secretary Of State | | | 198576-003 CRE | | | |

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

Corporation Service Company
2711 Centerville Rd, Ste. 400
Wilmington, DE 19808

ACKNOWLEDGEMENT
COPY

**CORPORATION SERVICE COMPANY**
ww.incspot.com

CSC- Springfield
801 Adlai Stevenson Drive
Springfield, IL 62703
217-544-5900
217-492-2727 (Fax)

Matter#    6024.001
Project Id :
Additional Reference : RZB/STONE WAREHOUSE

Order#      198576-2
Order Date  06/22/2006

| | |
|---|---|
| **Entity Name :** | RODRIGO BISCAYA    (Debtor)/ RZB FINANCE LLC    (Secured Party) |
| **Jurisdiction :** | IL-SECRETARY OF STATE |
| **Request for :**<br>**File Type :** | UCC Filing<br>ORIGINAL |
| **Result :** | Filed |
| **File Number :**<br>**Filing Date :** | 11086276<br>06/22/2006 |

Ordered by SONYA SZOT at GOLDBERG KOHN BELL BLACK ROSENBLOOM & MORITZ, LTD.

Thank you for using CSC.  For real-time 24 hour access to the status of any order placed with CSC, access our website at
www.incspot.com.

If you have any questions concerning this order or IncSpot,  please feel free to contact us.

Nicole M. Meyer
nmeyer@cscinfo.com

The responsibility for verification of the files and determination of the information therein lies with the filing officer; we accept no liability for errors or omissions.

RECEIVED
SECRETARY OF STATE
UNIFORM COMM. CODE

2006 JUN 22 PM 2: 49

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND

Corporation Service Company
P.O. Box 2969
Springfield, IL 62713

UCU106/22/06:07:6572:
20.00 MU
SOSIL 15:23   11086276 FS

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| BISCAYA | RODRIGO | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 14 S. YORKSHIRE WOODS | OAK BROOK | IL | 60523 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | □ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | □ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| RZB FINANCE LLC | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 24 GRASSY PLAIN STREET | BETHEL | CT | 06801 | USA |

4. This FINANCING STATEMENT covers the following collateral:

Any existing or hereafter acquired shares of capital stock or membership interest of Debtor in Pyramid Stone Mfg., Inc., an Illinois Corporation, and Stone Warehouse, LLC, an Illinois Limited Linbility Company, including without limitation, Debtor's interest as a stockholder and member in the voting, capital, income, profits and distributions thereunder, together with all proceeds thereof.

| 5. ALTERNATIVE DESIGNATION [if applicable] | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |

| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | All Debtors | Debtor 1 | Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA

IL-Secretary Of State                198576-002 CRE

Corporation Service Company
2711 Centerville Rd, Ste. 400
Wilmington, DE 19808

**ACKNOWLEDGEMENT COPY**

CORPORATION SERVICE COMPANY
www.incspot.com

CSC- Springfield
801 Adlai Stevenson Drive
Springfield, IL 62703
217-544-5900
217-492-2727 (Fax)

Matter#      6024.001
Project Id :
Additional Reference : RZB/STONE WAREHOUSE

Order#        198576-1
Order Date    06/22/2006

| | |
|---|---|
| **Entity Name :** | TOMAS OROZCO   (Debtor)/ RZB FINANCE LLC   (Secured Party) |
| **Jurisdiction :** | IL-SECRETARY OF STATE |
| **Request for :** | UCC Filing |
| **File Type :** | ORIGINAL |
| **Result :** | Filed |
| **File Number :** | 11086268 |
| **Filing Date :** | 06/22/2006 |

Ordered by SONYA SZOT at GOLDBERG KOHN BELL BLACK ROSENBLOOM & MORITZ, LTD.

Thank you for using CSC.  For real-time 24 hour access to the status of any order placed with CSC, access our website at www.incspot.com.

If you have any questions concerning this order or IncSpot,  please feel free to contact us.

Nicole M. Meyer
meyer@cscinfo.com

The responsibility for verification of the files and determination of the information therein lies with the filing officer; we accept no liability for errors or omissions.

RECEIVED
SECRETARY OF STATE
UNIFORM COMM. CODE

2006 JUN 22 PM 2: 49

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

UCU106/22/06:07:6571:
20.00 MU
SOSIL 15:23 11086268 FS

B. SEI
Corporation Service Company
P.O. Box 29
Springfield, IL 62708

CSC

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | | | | |
|---|---|---|---|---|
| 1a. ORGANIZATION'S NAME | | | | |
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| OROZCO | TOMAS | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 6518 MCARTHUR DRIVE | WOODRIDGE | IL | 60517 | USA |
| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any □ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| | | | | |
|---|---|---|---|---|
| 2a. ORGANIZATION'S NAME | | | | |
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any □ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| | | | | |
|---|---|---|---|---|
| 3a. ORGANIZATION'S NAME | | | | |
| RZB FINANCE LLC | | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 24 GRASSY PLAIN STREET | BETHEL | CT | 06801 | USA |

4. This FINANCING STATEMENT covers the following collateral:

Any existing or hereafter acquired membership interest of Debtor in Stone Warehouse, LLC, an
Illinois Limited Liability Company, including without limitation, Debtor's interest as a member
in the voting, capital, income, profits and distributions thereunder, together with all proceeds
thereof.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]   [optional] | | All Debtors | Debtor 1 | Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | | |

IL-Secretary Of State          198676-001 CRE

Corporation Service Company
2711 Centerville Rd. Ste. 400
Wilmington, DE 19808

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

ACKNOWLEDGEMENT
COPY

ORPORATION SERVICE COMPANY

vw.incspot.com

CSC- Springfield
801 Adlai Stevenson Drive
Springfield, IL 62703
217-544-5900
217-492-2727 (Fax)

latter#    6024.001
roject Id :
dditional Reference : RZB/STONE WAREHOUSE

Order#    198576-6
Order Date    06/22/2006

| | |
|---|---|
| Entity Name : | 11 S. EISENHOWER LLC   (Debtor)/ RZB FINANCE LLC (Secured Party) |
| Jurisdiction : | IL-DU PAGE COUNTY |
| Request for : | UCC Filing |
| File Type : | ORIGINAL |
| Result : | Filed |
| File Number : | 06U-0459/R06-121973 |
| Filing Date : | 06/27/2006 |

rdered by SONYA SZOT at GOLDBERG KOHN BELL BLACK ROSENBLOOM & MORITZ, LTD.

hank you for using CSC. For real-time 24 hour access to the status of any order placed with CSC, access our website at
ww.incspot.com.

you have any questions concerning this order or IncSpot, please feel free to contact us.

icole M. Meyer
meyer@cscinfo.com

e responsibility for verification of the files and determination of the information therein lies with the filing officer; we accept no liability for errors or omissions.

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND**

Corporation Service Company
P.O. Box 2969
Springfield, IL 62708

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 11 S. EISENHOWER LLC | | | |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 11 S. EISENHOWER | LOMBARD | IL | 60148 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | LLC | IL | 00842699  ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| RZB FINANCE LLC | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 24 GRASSY PLAIN STREET | BETHEL | CT | 06801 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

All assets of the Debtor that are now or may become fixtures located on the real property described on Exhibit A attached hereto, whether now owned or hereafter acquired, together with all proceeds thereof.
(Real Estate Records - Fixture Filing)

DuPAGE COUNTY RECORDER
JUN 2 7 2006 -9 15 AM

RECORDER

6. ☒ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

8. OPTIONAL FILER REFERENCE DATA
IL-Du Page County    2 pgs Attached    198576-006- CRE

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

ACKNOWLEDGEMENT COPY

# UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**8. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT**

| | |
|---|---|
| OR | **9a. ORGANIZATION'S NAME**<br>11 S. EISENHOWER LLC |
| | **9b. INDIVIDUAL'S LAST NAME** / **FIRST NAME** / **MIDDLE NAME,SUFFIX** |

**10. MISCELLANEOUS:**

IL-Du Page County

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one name (11a or 11b) - do not abbreviate or combine names

| | |
|---|---|
| | **11a. ORGANIZATION'S NAME** |
| OR | **11b. INDIVIDUAL'S LAST NAME** / **FIRST NAME** / **MIDDLE NAME** / **SUFFIX** |

| **11c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |
|---|---|---|---|---|

| **11d. SEE INSTRUCTIONS** | **ADD'L INFO RE ORGANIZATION DEBTOR** | **11e. TYPE OF ORGANIZATION** | **11f. JURISDICTION OF ORGANIZATION** | **11g. ORGANIZATIONAL ID #, if any** | NONE |
|---|---|---|---|---|---|

**12.** ☐ **ADDITIONAL SECURED PARTY'S** or ☐ **ASSIGNOR S/P'S  NAME** - insert only one name (12a or 12b)

| | |
|---|---|
| | **12a. ORGANIZATION'S NAME** |
| OR | **12b. INDIVIDUAL'S LAST NAME** / **FIRST NAME** / **MIDDLE NAME** / **SUFFIX** |

| **12c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |
|---|---|---|---|---|

**13. This FINANCING STATEMENT covers** ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☒ fixture filing.

**14. Description of real estate:**

See Exhibit A

**16. Additional collateral description:**

**15. Name and address of a RECORD OWNER of above-described real estate** (if Debtor does not have a record interest):

**17. Check only if applicable and check only one box.**

Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate

**18. Check only if applicable and check only one box.**

☐ Debtor is a TRANSMITTING UTILITY

☐ Filed in connection with a Manufactured-Home Transaction — effective 30 years

☐ Filed in connection with a Public-Finance Transaction — effective 30 years

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) (REV. 05/22/02)

Corporation Service Company
2711 Centerville Rd, Ste. 400
Wilmington, DE 19808

**ACKNOWLEDGEMENT COPY**

## EXHIBIT A

THE NORTH 215 FEET OF LOMBARD INDUSTRIAL PARK UNIT 7, A SUBDIVISION OF PART OF SECTION 30, TOWNSHIP 39 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED AUGUST 5, 1976 AS DOCUMENT R76-53191, IN DUPAGE COUNTY, ILLINOIS.

P.I.N: 06-30-205-017

Property Address:
11 S. Eisenhower
Lombard IL, 60148

2

ACKNOWLEDGEMENT
COPY

**'ORPORATION SERVICE COMPANY**
vw.mcspot.com

CSC- Springfield
801 Adlai Stevenson Drive
Springfield, IL 62703
217-544-5900
217-492-2727 (Fax)

latter#    6024.001
roject Id :
.dditional Reference : RZB/STONE WAREHOUSE

Order#         198576-5
Order Date    06/22/2006

| | |
|---|---|
| Entity Name : | STONE WAREHOUSE, LLC   (Debtor)/ ROYAL AMERICAN BANK (Secured Party) |
| Jurisdiction : | IL-SECRETARY OF STATE |
| Request for : | UCC Filing |
| File Type : | TERMINATION FILING |
| Original File Number : | 7459912 |
| Original File date : | 08/22/2003 |
| Result : | Filed |
| File Number : | 1589711 |
| Filing Date : | 06/22/2006 |

rdered by SONYA SZOT at GOLDBERG KOHN BELL BLACK ROSENBLOOM & MORITZ, LTD.

hank you for using CSC.  For real-time 24 hour access to the status of any order placed with CSC, access our website at ww.incspot.com.

you have any questions concerning this order or IncSpot,  please feel free to contact us.

icole M. Meyer
neyer@cscinfo.com

e responsibility for verification of the files and determination of the information therein lies with the filing officer; we accept no liability for errors or omissions.

RECEIVED
SECRETARY OF STATE
UNIFORM COMM. CODE

2006 JUN 22 PM 2:49

UCU106/22/06:07:6583:
0.00 CK00
SOSIL 15:25    1589711 TM

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SE
Corporation Service Company
P.O. Box 2969
Springfield, IL 62708

**CSC**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|
| 7459912 Date:08/22/2003 | |

2. ☒ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party.
☐ DELETE name: Give record name to be deleted in item 6a or 6b.
☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| STONE WAREHOUSE, LLC | | | |
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE POSTAL CODE | COUNTRY |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.

Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

# TERMINATED

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME ROYAL AMERICAN BANK | | | |
|---|---|---|---|
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 10. OPTIONAL FILER REFERENCE DATA |
|---|
| IL-Secretary Of State    198576-005 CRB |

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

Corporation Service Company
2711 Centerville Rd, Ste. 400
Wilmington, DE

**ACKNOWLEDGEMENT COPY**

**ORPORATION SERVICE COMPANY**

vw.incspot.com

CSC- Springfield
801 Adlai Stevenson Drive
Springfield, IL 62703
217-544-5900
217-492-2727 (Fax)

| | | | |
|---|---|---|---|
| latter# | 6024.001 | Order# | 198576-4 |
| roject Id : | | Order Date | 06/22/2006 |

dditional Reference : RZB/STONE WAREHOUSE

Entity Name :                    PYRAMID STONE MFG., INC.   (Debtor)/ ROYAL AMERICAN
                                 BANK   (Secured Party)

Jurisdiction :                   IL-SECRETARY OF STATE

Request for :                    UCC Filing
File Type :                      TERMINATION FILING

Original File Number :           7459947
Original File date :             08/22/2003

Result :                         Filed

File Number :                    1589712
Filing Date :                    06/22/2006

rdered by SONYA SZOT at GOLDBERG KOHN BELL BLACK ROSENBLOOM & MORITZ, LTD.

hank you for using CSC.  For real-time 24 hour access to the status of any order placed with CSC, access our website at
ww.incspot.com.

 you have any questions concerning this order or IncSpot,  please feel free to contact us.

icole M. Meyer
meyer@cscinfo.com

ie responsibility for verification of the files and determination of the information therein lies with the filing officer; we accept no liability for errors or omissions.

RECEIVED
SECRETARY OF STATE
UNIFORM COMM. CODE INC.

2006 JUN 22 PM 2: 49

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

UCU106/22/06:07:6584:
0.00 Ck00
SOSIL 15:25   1589712 TM

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. Corporation Service Company
P.O. Box 2969
Springfield, IL 62708

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] [or recorded] in the REAL ESTATE RECORDS. |
|---|---|
| 7459947 Date:08/22/2003 | |

2. ☒ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.

Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party.  ☐ DELETE name: Give record name to be deleted in item 6a or 6b.  ☐ ADD name: Complete item 7a or 7c; also complete items 7e-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME  **PYRAMID STONE MFG., INC.** | FIRST NAME | MIDDLE NAME | SUFFIX |

7. **CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.

Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

# TERMINATED

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME  **ROYAL AMERICAN BANK** | | | |
|---|---|---|---|
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA

IL-Secretary Of State        198570-004 CRE

Corporation Service Company
3111 Centerville Rd, Ste. 400
Wilmington, DE 19808

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

ACKNOWLEDGEMENT
COPY

# Exhibit  C



May 30, 2007

**VIA FACSIMILE AND FEDERAL EXPRESS**

See Attached Distribution List

　　　Re:　Notice of Events of Default

Ladies and Gentlemen:

　　　　Reference is made to that certain Loan and Security Agreement dated as of June 19, 2006 by and among Pyramid Stone Mfg., an Illinois corporation ("Pyramid Stone"), Stone Warehouse, LLC, an Illinois limited liability company ("Stone Warehouse" and, together with Pyramid Stone, collectively, the "Borrowers"), and RZB Finance LLC ("Lender") (as amended, restated, or otherwise modified from time to time, the "Loan Agreement"). All capitalized terms used herein and not otherwise defined herein shall have the same meanings herein as in the Loan Agreement.

　　　　The undersigned hereby notifies the Borrowers that Events of Default exist under (a) subsection 15(b) of the Loan Agreement including, without limitation, as a result of the default by (i) by Pyramid Stone under subsection 13(b)(i) of the Loan Agreement for failure to deliver the monthly financial information required by such subsection for the months ended April 30, 2007, (ii) by each Borrower under subsection 13(b)(ii) of the Loan Agreement for failure to deliver the annual financial information required by such section for the fiscal year ended December 31, 2006, (iii) by Stone Warehouse under subsection 14(a) of the Loan Agreement for failure to comply with the maximum leverage ratio set forth therein for the periods ended September 30, 2006, December 31, 2006 and March 31, 2007, (iv) by Pyramid Stone under subsection 14(a) of the Loan Agreement for failure to comply with the maximum leverage ratio set forth therein for the period ended September 30, 2006, (v) by each Borrower under subsection 14(b) of the Loan Agreement for failure to comply with the maximum account dilution percentage set forth therein for the periods ended December 31, 2006 and March 31, 2007, (vi) by each Borrower under subsection 14(d) of the Loan Agreement for failure to comply with the maximum account turnover time periods set forth therein for the periods ended December 31, 2006 and March 31, 2007, and (vii) by Stone Warehouse under subsection 14(e) of the Loan Agreement for failure to comply with the minimum inventory turnover ratio set forth therein for the periods ended December 31, 2006 and March 31, 2007, and (b) subsection 15(n) of the Loan Agreement including, without limitation, as a result of a material adverse change in the business, assets and financial condition of Stone Warehouse (the foregoing Events of Default are collectively referred to herein as the "Existing Events of Default").

　　　　The Existing Events of Default remain in existence as of the date hereof. The Existing Events of Default entitle the undersigned to exercise various rights and remedies

*RZB FINANCE LLC* 24 Grassy Plain Street, Bethel, CT 06801 USA • Telephone: (203) 207-0115 • Fax: (203) 744-6474 Telex: 677581 RZB NY UW • *A WHOLLY OWNED SUBSIDIARY OF RAIFFEISEN ZENTRALBANK ÖSTERREICH AG (RZB-AUSTRIA)* • Head Office: A-1030 Vienna, Am Stadtpark 9; Postal Address: A-1011 Vienna, P.O. Box 50 • Member of UNICO Banking Group

under the Loan Agreement, the Other Agreements and applicable law, including, without limitation, the right to increase the interest rate by 200 basis points, at the undersigned's discretion, without notice to any Borrower, pursuant to subsection 4(a) of the Loan Agreement. The Lender is presently evaluating all available courses of action relating to the Existing Events of Default. The undersigned reserves its right to exercise any of the rights and remedies available to the undersigned, at such time and place as may be elected by the undersigned. Nothing set forth herein shall be construed as a waiver by the undersigned of any such rights, and Lender's voluntary forbearance, if any, from exercising any of such rights or remedies is not intended (and should not be construed) as a waiver of the Existing Events of Default or a waiver of any rights and remedies with respect to them, all of which are reserved by the Lender. Although the Borrowers have been informed of the matters set forth herein, the undersigned shall have no obligation to inform any Borrower of any such or similar matters in the future, and nothing herein shall create such a duty.

We also are writing to notify the Borrowers that Agent and the Lender will require strict compliance with each and every term and condition of the Loan Agreement and the Other Agreements by the Borrowers and each other credit party signatory thereto. Without limiting the generality of the preceding sentence, Lender expects that the Borrowers and each other Obligor will cooperate fully with the Lender by, among other things, responding truthfully and completely to the Lender's requests for information about the Borrowers, the other Obligors and their respective assets.

Nothing contained in this letter or any delay on the part of Lender in exercising any of its rights and remedies under the Loan Agreement, the Other Agreements or applicable law shall be considered to be a waiver or modification thereof.

Very truly yours,

RZB FINANCE LLC, as Lender

By: _____
Name:    **CHRISTOPH HOEDL**
Title:       Group Vice President

By: _____
Name:    **JOHN A. VALISKA**
Title:       First Vice President

cc:    Richard M. Kohn (via facsimile)
       Jessica L. DeBruin (via facsimile)

# Exhibit  D

## THIRD AMENDMENT AND
## FORBEARANCE AGREEMENT

This THIRD AMENDMENT AND FORBEARANCE AGREEMENT ("Agreement") dated as of October 19, 2007, is made by and among PYRAMID STONE MFG., an Illinois corporation ("Pyramid Stone"), STONE WAREHOUSE, LLC, an Illinois limited liability company ("Stone Warehouse" and together with Pyramid Stone, the "Borrowers") and RZB FINANCE LLC ("Lender").

# R E C I T A L S :

WHEREAS, Lender and Borrowers have entered into certain financing arrangements pursuant to the Loan and Security Agreement dated as of June 19, 2006, by and among Lender and Borrowers (and as amended hereby, and as the same may have heretofore been or may hereafter be further amended, modified, supplemented, extended, renewed, restated or replaced, the "Loan Agreement");

WHEREAS, as of the date hereof, Borrowers are in default under the Loan Agreement as more particularly described below;

WHEREAS, the circumstances described herein constitute multiple Events of Default under the Loan Agreement and the Other Agreements;

WHEREAS, on September 29, 2007, Stone Warehouse executed that certain Trust Agreement and Assignment for the Benefit of Creditors (the "Trust Agreement"), pursuant to which, Stone Warehouse, among other things, assigned its assets to David Abrams, solely in his capacity as assignee;

WHEREAS, Borrowers have requested that Lender forbear from exercising its rights as a result of the Existing Defaults, which are continuing for a period of one week while Pyramid Stone's Consultant (as defined below) prepares certain reports, and that Lender provide further financial accommodations to Borrowers notwithstanding such Existing Defaults; and

WHEREAS, Lender is willing to agree to forbear from exercising certain of its rights and remedies and provide certain other financial accommodations to Borrowers solely for the period and on the terms and conditions specified herein;

NOW, THEREFORE, in consideration of the foregoing, and the respective agreements, warranties and covenants contained herein, the parties hereto agree as follows:

## SECTION 1. DEFINITIONS

1.1.    **Interpretation.**  All capitalized terms used herein (including the recitals hereto) shall have the respective meanings ascribed thereto in the Loan Agreement unless otherwise defined herein.

1.2.  **Additional Definitions.**  As used herein, the following terms shall have the respective meanings given to them below, and the Loan Agreement is hereby amended to include, in addition and not in limitation, each of the following definitions:

(a)   "Existing Defaults" shall mean the Events of Default identified on Exhibit A hereto.

(b)   "Forbearance Agreement" shall mean that certain Third Amendment and Forbearance Agreement dated as of October 19, 2007, by and among Lender and Borrowers, as it may be amended from time to time.

(c)   "Forbearance Period" shall have the meaning set forth in Section 3.2(a) hereof.

## SECTION 2.  ACKNOWLEDGMENTS

2.1.  **Acknowledgment of Liabilities.**  Each of the Borrowers hereby acknowledges, confirms and agrees that as of the close of business on September 30, 2007, Borrowers are jointly and severally indebted to Lender in respect of the Liabilities in the principal amount of $2,411,792.26, which includes interest, but excludes (a) attorney fees yet to be billed and (b) the Durkin Group field examination fee in the amount of $6,637.65 for the Pyramid Stone audit. Without limiting the foregoing sentence, and for information purposes only, the amount of $2,411,792.26 consists of: Pyramid Stone - $1,530,512.63 (Principal - $1,508,236.27, Interest - $22,276.36, Other - $0.00) and Stone Warehouse - $881,279.63 (Principal - $847,214.44, Interest - $6,061.21, Attorneys Fees - $23,843.25, Field Examination Fee - $4,160.73).  All such Loans, together with interest accrued and accruing thereon, and all fees, costs, expenses and other charges now or hereafter payable by Borrowers to Lender, are unconditionally owing by Borrowers to Lender, without offset, defense or counterclaim of any kind, nature or description whatsoever.

2.2.  **Acknowledgment of Security Interests.**  Each of the Borrowers hereby acknowledges, confirms and agrees that Lender has and shall continue to have valid, enforceable and perfected first-priority liens upon and security interests in the Collateral heretofore granted to Lender pursuant to the Loan Agreement and the Other Agreements or otherwise granted to or held by Lender, subject only to Permitted Liens.

2.3.  **Binding Effect of Documents.**  Each of the Borrowers hereby acknowledges, confirms and agrees that: (a) each of the Loan Agreement and the Other Agreements to which it is a party has been duly executed and delivered to Lender by each of the Borrowers, and each is and shall remain in full force and effect as of the date hereof except as modified pursuant hereto, (b) the agreements and Liabilities of each of the Borrowers contained in such documents and in this Agreement constitute the legal, valid and binding Liabilities of each of the Borrowers, enforceable against it in accordance with their respective terms, and neither of the Borrowers has a valid defense to the enforcement of such Liabilities, and (c) Lender is and shall be entitled to the rights, remedies and benefits provided for under the Loan Agreement and the Other Agreements and applicable law.

## SECTION 3.  FORBEARANCE IN RESPECT OF EXISTING DEFAULTS

3.1.    **Acknowledgment of Default.**  Each of the Borrowers hereby acknowledges and agrees that the Existing Defaults have occurred and are continuing, each of which constitutes an Event of Default and entitles Lender to exercise its rights and remedies under the Loan Agreement and the Other Agreements, applicable law or otherwise.  Each of the Borrowers represents and warrants that, as of the date hereof, no other Events of Default exist other than the Existing Defaults.  Each of the Borrowers hereby acknowledges and agrees that Lender has the exercisable right to declare the Liabilities to be immediately due and payable under the terms of the Loan Agreement and the Other Agreements.

3.2.    **Forbearance.**

(a)    In reliance upon the representations, warranties and covenants of each of the Borrowers contained in this Agreement, and subject to the terms and conditions of this Agreement and any documents or instruments executed in connection herewith, Lender agrees to forbear from exercising its rights and remedies under the Loan Agreement and the Other Agreements or applicable law in respect of or arising out of the Existing Defaults, for the period (the "Forbearance Period") commencing on the date hereof and ending on the date which is the earlier of: (i) October 26, 2007, or (ii) the occurrence or existence of any Event of Default, other than the Existing Defaults.

(b)    Upon the termination of the Forbearance Period, the agreement of Lender to forbear shall automatically and without further action terminate and be of no force and effect, it being expressly agreed that the effect of such termination will be to permit Lender to exercise immediately all rights and remedies under the Loan Agreement and the Other Agreements and applicable law, including, but not limited to, (i) ceasing to make any further Loans and (ii) accelerating all of the Liabilities; in each case without any further notice to either Borrower, passage of time or forbearance of any kind.

3.3.    **No Other Waivers; Reservation of Rights.**

(a)    Lender has not waived, is not by this Agreement waiving, and has no intention of waiving, any Events of Default which may be continuing on the date hereof or any Events of Default which may occur after the date hereof (whether the same or similar to the Existing Defaults or otherwise), and Lender has not agreed to forbear with respect to any of its rights or remedies concerning any Events of Default (other than, during the Forbearance Period, the Existing Defaults to the extent expressly set forth herein) occurring at any time.

(b)    Subject to Section 3.2 above (solely with respect to the Existing Defaults), Lender reserves the right, in its discretion, to exercise any or all of its rights and remedies under the Loan Agreement and the Other Agreements as a result of any other Events of Default occurring at any time.  Lender has not waived any of such rights or remedies, and nothing in this Agreement, and no delay on its part in exercising any such rights or remedies, shall be construed as a waiver of any such rights or remedies.

3.4.    **Additional Events of Default.**  The parties hereto acknowledge, confirm and agree that any misrepresentation by either Borrower, or any failure of either Borrower to

-3-

comply with the covenants, conditions and agreements contained in this Agreement, any Other Agreement or in any other agreement, document or instrument at any time executed and/or delivered by either Borrower with, to or in favor of Lender shall constitute an Event of Default under this Agreement, the Loan Agreement and the Other Agreements. In the event any Person, other than Lender, shall at any time exercise for any reason (including, without limitation, by reason of any Existing Defaults, any other present or future Event of Default, or otherwise) any of its rights or remedies against either Borrower or any obligor providing credit support for such Borrowers' obligations to such other Person, or against Borrowers' or such obligor's properties or assets, such event shall constitute an Event of Default hereunder and an Event of Default under the Loan Agreement.

**SECTION 4. AMENDMENTS** Subject to the satisfaction of the conditions set forth in Section 7 below, and in reliance on the representations and warranties, covenants and other agreements set forth in this Agreement, the Loan Agreement is hereby amended as follows:

4.1.    The definition of "Stone Warehouse Dilution Percentage" in Section 1 of the Loan Agreement is hereby deleted in its entirety.

4.2.    The definition of "SW Maximum Revolving Loan Facility" in Section 1 of the Loan Agreement is hereby amended and restated as follows:

"**SW Maximum Revolving Loan Facility**" shall mean as of any particular date, the amount that Stone Warehouse owes Lender on that date as reflected in Lender's books and records.

4.3.    The definition of "SW Revolving Loan Availability" in Section 1 of the Loan Agreement is hereby deleted in its entirety.

4.4.    Section 4(a) of the Loan Agreement is hereby amended and restated in its entirety as follows:

"(a)    Pyramid Stone shall pay to Lender interest on the outstanding principal balance of the Loans monthly in arrears on the first day of each month beginning on October 1, 2007, at the per annum rate of four percent (4.00%) plus the Reference Rate. Following the occurrence of an Event of Default (other than an Existing Default under the Forbearance Agreement), Pyramid Stone shall pay to Lender interest on the outstanding principal balance of the Loans at the per annum rate of eight and one-quarter percent (8.25%) plus the Reference Rate. Stone Warehouse shall pay to Lender interest on the outstanding principal balance of the Loans monthly in arrears on the first day of each month beginning on October 1, 2007, at the per annum rate of eight and one-quarter percent (8.25%) plus the Reference Rate."

4.5.    Section 13 of the Loan Agreement is hereby amended and restated in its entirety to add subparagraph (t) thereto as follows:

"(t)    Until the Liabilities are paid in full, no Borrower shall pay any amount or make any distribution on account of any subordinated debt or equity,

-4-

including to Bill Mass or Tomas Orozco (other than salary) or their successors or assigns."

    4.6.    Section 18 of the Loan Agreement is hereby amended and restated in its entirety as follows:

    "18.   **NOTICE.**  All written notices and other written communications with respect to this Agreement shall be sent by ordinary, certified or overnight mail, by telecopy or delivered in person, and in the case of Lender shall be sent to it at 24 Grassy Plain Street, Bethel, Connecticut 06801, Attention: Christoph Hoedl with a copy to 150 North Martingale Road, Suite 840, Schaumburg, Illinois 60173, Attention: Louis T. Marosi, and in the case of any Borrower shall be sent to it at its principal place of business set forth on the first page of this Agreement with a copy to Much Shelist, 191 North Wacker Drive, Suite 1800, Chicago, Illinois, 60606, Attention: Mitchell S. Roth."

**SECTION 5. COVENANTS**  Pyramid Stone covenants as follows, and agrees that its failure to comply with any of the following constitutes an Event of Default hereunder and the Loan Agreement:

    5.1.    **Budget.**  With respect to Loans requested by Pyramid Stone to be used during the Forbearance Period, (a) Lender shall only advance Loans in the amount of $100,000 to the extent required to pay those expenses enumerated in the budget provided to Lender and attached hereto as <u>Exhibit B</u>, such Budget to be acceptable to Lender in its sole discretion (as revised from time to time during the Forbearance Period subject to Lender's consent, the *"Budget"*) as and when such expenses become due and payable, (b) Pyramid Stone shall maintain strict compliance with the Budget and (c) on or before October 23, 2007, Pyramid Stone shall provide evidence that the Loans provided for herein have been utilized pursuant to the Budget.

    5.2.    **Receivable Collections.**  During the Forbearance Period, Pyramid Stone shall collect at least $80,000 of its outstanding accounts receivable and on or before October 25, 2007, provide evidence to Lender of such collections.

    5.3.    **Bank Accounts.**  Pyramid Stone shall take reasonable steps to promptly deliver evidence to Lender that all of its accounts at Fifth Third Bank have been closed.

    5.4.    **Financial Consultant.**  Pyramid Stone has advised Lender that it has retained Lawrence Manson as its financial consultant (the *"Consultant"*). The parties agree that the Consultant is to prepare and provide a liquidity analysis, accounts receivable collection analysis and 30-day budget to Pyramid Stone and Lender on or before October 25, 2007.

    5.5.    **Assignment for the Benefit of Creditors.**  An Event of Default shall occur under this Agreement, the Loan Agreement and the Other Agreements to the extent that the Trust Agreement terminates or the Assignment for the Benefit of Creditors ceases for any reason prior to the sale of Stone Warehouse's assets.

## SECTION 6.   REPRESENTATIONS AND WARRANTIES

Each of the Borrowers hereby represents, warrants and covenants as follows:

6.1.    **Representations in Loan Agreement and the Other Agreements.**  Each of the representations and warranties made by or on behalf of each of the Borrowers to Lender in the Loan Agreement and any of the Other Agreements was true and correct when made, and is, except for the Existing Defaults, true and correct on and as of the date of this Agreement with the same full force and effect as if each of such representations and warranties had been made by each of the Borrowers on the date hereof and in this Agreement.

6.2.    **Binding Effect of Documents.**  This Agreement has been duly authorized, executed and delivered to Lender by each of the Borrowers, is enforceable in accordance with its terms and is in full force and effect.

6.3.    **No Conflict.**  The execution, delivery and performance of this Agreement by each of the Borrowers will not violate any requirement of law or contractual obligation of either Borrower and will not result in or require the creation or imposition of any lien on any of its properties or revenues.

## SECTION 7.   CONDITIONS TO EFFECTIVENESS OF CERTAIN PROVISIONS OF THIS AGREEMENT

The effectiveness of the terms and provisions of Section 3.2 of this Agreement shall be subject to the following:

(a)    Lender shall have received an original of (i) this Agreement, duly authorized, executed and delivered by each of the Borrowers, and (ii) an Acknowledgment, Reaffirmation and Release in the form attached hereto as <u>Exhibit C</u>, duly authorized, executed and delivered by 11 S. Eisenhower, LLC, Rodrigo Biscaya, Tomas Orozco and Carlo Verissimo; and

## SECTION 8.   MISCELLANEOUS

8.1.    **Effect of Agreement.**  Except as modified pursuant hereto, no other changes or modifications to the Loan Agreement and the Other Agreements are intended or implied and in all other respects the Loan Agreement and the Other Agreements hereby are ratified, restated and confirmed by all parties hereto as of the effective date hereof.  To the extent of conflict between the terms of this Agreement and the Loan Agreement and the Other Agreements, the terms of this Agreement shall govern and control.  The Loan Agreement and this Agreement shall be read and construed as one agreement.

8.2.    **Costs and Expenses.**  Each of the Borrowers absolutely and unconditionally agrees to pay to Lender, on demand by Lender at any time, whether or not all or any of the transactions contemplated by this Agreement are consummated: all reasonable fees and disbursements of any counsel to Lender in connection with the preparation, negotiation, execution, or delivery of this Agreement and any agreements contemplated hereby and expenses which shall at any time be incurred or sustained by Lender or any participant of Lender or any of their respective directors, officers, employees or agents as a consequence of or in any way in connection with the

-6-

preparation, negotiation, execution, or delivery of this Agreement and any agreements contemplated hereby.

      8.3.    **Further Assurances.**  At Borrowers' expense, the parties hereto shall execute and deliver such additional documents and take such further action as may be reasonably necessary or desirable to effectuate the provisions and purposes of this Agreement.

      8.4.    **Successors and Assigns.**  This Agreement shall be binding upon and inure to the benefit of each of the parties hereto and their respective successors and assigns.

      8.5.    **Survival of Representations and Warranties.**  All representations and warranties made in this Agreement or any other document furnished in connection with this Agreement shall survive the execution and delivery of this Agreement and such other documents, and no investigation by Lender or any closing shall affect the representations and warranties or the right of Lender to rely upon them.

      8.6.    **Release.**

      (a)    In consideration of the agreements of Lender contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, each of the Borrowers, on behalf of itself and its successors, assigns, and its present and former shareholders, affiliates, subsidiaries, divisions, predecessors, directors, officers, attorneys, employees, agents and other representatives (the "Releasors"), hereby absolutely, unconditionally and irrevocably releases, remises and forever discharges Lender and its successors and assigns, and its present and former shareholders, affiliates, subsidiaries, divisions, predecessors, directors, officers, attorneys, employees, agents and other representatives (Lender and all such other Persons being hereinafter referred to collectively as the "Releasees" and individually as a "Releasee"), of and from all demands, actions, causes of action, suits, covenants, contracts, controversies, agreements, promises, sums of money, accounts, bills, reckonings, damages and any and all other claims, counterclaims, defenses, rights of set-off, demands and liabilities whatsoever (individually, a "Claim" and collectively, "Claims") of every kind and nature, known or unknown, suspected or unsuspected, at law or in equity, which each of the Releasors may now or hereafter own, hold, have or claim to have against the Releasees or any of them for, upon, or by reason of any circumstance, action, cause or thing whatsoever which arises at any time on or prior to the date of this Agreement, including, without limitation, for or on account of, or in relation to, or in any way in connection with this Agreement, the Loan Agreement or any of the Other Agreements or transactions hereunder or thereunder or any "lender liability" type claim.

      (b)    Each of the Borrowers, on its behalf and the Releasors, understands, acknowledges and agrees that the release set forth above may be pleaded as a full and complete defense and may be used as a basis for an injunction against any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of the provisions of such release.

      (c)    Each of the Borrowers, on its behalf and the Releasors, agrees that no fact, event, circumstance, evidence or transaction which could now be asserted or which may hereafter be discovered shall affect in any manner the final, absolute and unconditional nature of the release set forth above.

8.7.   **Covenant Not to Sue.** Each of the Borrowers, on behalf of itself and the Releasors, hereby absolutely, unconditionally and irrevocably covenants and agrees with and in favor of each Releasee that it will not sue (at law, in equity, in any regulatory proceeding or otherwise) any Releasee on the basis of any Claim released, remised and discharged by each of the Borrowers pursuant to Section 8.6 above. If either Borrower or any of their successors, assigns or other legal representatives violates the foregoing covenant, each of the Borrowers, for itself and its successors, assigns and legal representatives, agrees to pay, in addition to such other damages as any Releasee may sustain as a result of such violation, all attorneys' fees and costs incurred by any Releasee as a result of such violation.

8.8.   **Severability.** Any provision of this Agreement held by a court of competent jurisdiction to be invalid or unenforceable shall not impair or invalidate the remainder of this Agreement.

8.9.   **Reviewed by Attorneys.** Each of the Borrowers represents and warrants to Lender that it (a) understands fully the terms of this Agreement and the consequences of the execution and delivery of this Agreement, (b) has been afforded an opportunity to discuss this Agreement with, and have this Agreement reviewed by, such attorneys and other persons as either Borrower may wish and (c) has entered into this Agreement and executed and delivered all documents in connection herewith of its own free will and accord and without threat, duress or other coercion of any kind by any Person. The parties hereto acknowledge and agree that neither this Agreement nor the other documents executed pursuant hereto shall be construed more favorably in favor of one than the other based upon which party drafted the same, it being acknowledged that all parties hereto contributed substantially to the negotiation and preparation of this Agreement and the other documents executed pursuant hereto or in connection herewith.

8.10.   **Governing Law; Consent to Jurisdiction and Venue.** EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE LOAN AGREEMENT AND ANY OF THE OTHER AGREEMENTS, THIS AGREEMENT, THE LOAN AGREEMENT AND THE OTHER AGREEMENTS AND THE RIGHTS AND LIABILITIES OF THE PARTIES HEREUNDER AND THEREUNDER SHALL BE GOVERNED BY, AND CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD TO CONFLICTS OF LAWS PRINCIPLES. EACH OF THE BORROWERS HEREBY CONSENTS AND AGREES THAT THE STATE OR FEDERAL COURTS LOCATED IN CHICAGO, ILLINOIS SHALL HAVE EXCLUSIVE JURISDICTION TO HEAR AND DETERMINE ANY CLAIMS OR DISPUTES BETWEEN BORROWERS AND LENDER PERTAINING TO THIS AGREEMENT, THE LOAN AGREEMENT OR ANY OF THE OTHER AGREEMENTS OR TO ANY MATTER ARISING OUT OF OR RELATED TO THIS AGREEMENT, THE LOAN AGREEMENT OR ANY OF THE OTHER AGREEMENTS; PROVIDED, THAT LENDER AND BORROWERS ACKNOWLEDGE THAT ANY APPEALS FROM THOSE COURTS MAY HAVE TO BE HEARD BY A COURT LOCATED OUTSIDE OF ILLINOIS; AND FURTHER PROVIDED, THAT NOTHING IN THIS AGREEMENT SHALL BE DEEMED OR OPERATE TO PRECLUDE LENDER FROM BRINGING SUIT OR TAKING OTHER LEGAL ACTION IN ANY OTHER JURISDICTION TO COLLECT THE LIABILITIES, TO REALIZE ON THE COLLATERAL OR ANY OTHER SECURITY FOR THE LIABILITIES, OR TO ENFORCE A JUDGMENT OR OTHER COURT ORDER IN FAVOR OF LENDER. EACH OF THE BORROWERS EXPRESSLY SUBMITS AND CONSENTS IN

ADVANCE TO SUCH JURISDICTION IN ANY ACTION OR SUIT COMMENCED IN ANY SUCH COURT, AND EACH OF THE BORROWERS HEREBY WAIVES ANY OBJECTION WHICH IT MAY HAVE BASED UPON LACK OF PERSONAL JURISDICTION, IMPROPER VENUE OR FORUM NON CONVENIENS AND HEREBY CONSENTS TO THE GRANTING OF SUCH LEGAL OR EQUITABLE RELIEF AS IS DEEMED APPROPRIATE BY SUCH COURT. EACH OF THE BORROWERS HEREBY WAIVES PERSONAL SERVICE OF ANY AND ALL PROCESS ISSUED IN ANY SUCH ACTION OR SUIT AND AGREES THAT SERVICE OF SUCH PROCESS MAY BE MADE BY REGISTERED OR CERTIFIED MAIL ADDRESSED TO BORROWERS AT THE ADDRESS SET FORTH IN THE LOAN AGREEMENT AND THAT SERVICE SO MADE SHALL BE DEEMED COMPLETED UPON THE EARLIER OF BORROWERS' ACTUAL RECEIPT THEREOF OR THREE (3) DAYS AFTER THE SAME HAS BEEN POSTED.

      8.11.    **Mutual Waiver of Jury Trial.** THE PARTIES HERETO WAIVE ALL RIGHTS TO TRIAL BY JURY IN ANY ACTION, SUIT, OR PROCEEDING BROUGHT TO RESOLVE ANY DISPUTE, WHETHER ARISING IN CONTRACT, TORT, OR OTHERWISE AMONG LENDER AND BORROWERS ARISING OUT OF, CONNECTED WITH, RELATED OR INCIDENTAL TO THE RELATIONSHIP ESTABLISHED BETWEEN THEM IN CONNECTION WITH THIS AGREEMENT, THE LOAN AGREEMENT OR ANY OF THE OTHER AGREEMENTS OR THE TRANSACTIONS RELATED THERETO.

      8.12.    **Counterparts.** This Agreement may be executed in any number of counterparts, but all of such counterparts shall together constitute but one and the same agreement.

**8.11.** **Mutual Waiver of Jury Trial.** THE PARTIES HERETO WAIVE ALL RIGHTS TO TRIAL BY JURY IN ANY ACTION, SUIT, OR PROCEEDING BROUGHT TO RESOLVE ANY DISPUTE, WHETHER ARISING IN CONTRACT, TORT, OR OTHERWISE AMONG LENDER AND BORROWERS ARISING OUT OF, CONNECTED WITH, RELATED OR INCIDENTAL TO THE RELATIONSHIP ESTABLISHED BETWEEN THEM IN CONNECTION WITH THIS AGREEMENT, THE LOAN AGREEMENT OR ANY OF THE OTHER AGREEMENTS OR THE TRANSACTIONS RELATED THERETO.

**8.12.** **Counterparts.** This Agreement may be executed in any number of counterparts, but all of such counterparts shall together constitute but one and the same agreement.

IN WITNESS WHEREOF, this Agreement is executed and delivered as of the day and year first above written.

PYRAMID STONE MFG.

By _____
Name _____CARLO VEMSSINO_____
Title _____V. P._____

STONE WAREHOUSE, LLC

By _____
Name _____Rodrigo Bizarre_____
Title _____

RZB FINANCE LLC

By _____
Name _____
Title _____

RZB FINANCE LLC

By _____
Name _____
Title _____

-14-

IN WITNESS WHEREOF, this Agreement is executed and delivered as of the day and year first above written.

PYRAMID STONE MFG.

By _____
Name _____
Title _____

STONE WAREHOUSE, LLC

By _____
Name _____
Title _____

RZB FINANCE LLC

By _____
Name _____ CHRISTOPH HOEDL _____
Title _____ Group Vice President _____

RZB FINANCE LLC

By _____
Name _____ JOHN A. VALISKA _____
Title _____ First Vice President _____

**EXHIBIT A**
**to**
**THIRD AMENDMENT AND FORBEARANCE AGREEMENT**

The Existing Defaults arise under:

(a) subsection 15(b) of the Loan Agreement as a result of the default (i) by Pyramid Stone under subsection 13(b)(i) of the Loan Agreement for failure to deliver the monthly financial information required by such subsection for the month ended April 30, 2007, (ii) by each Borrower under subsection 13(b)(ii) of the Loan Agreement for failure to deliver the annual financial information required by such section for the fiscal year ended December 31, 2006, (iii) by Stone Warehouse under subsection 14(a) of the Loan Agreement for failure to comply with the maximum leverage ratio set forth therein for the periods ended September 30, 2006, December 31, 2006 and March 31, 2007, (iv) by Pyramid Stone under subsection 14(a) of the Loan Agreement for failure to comply with the maximum leverage ratio set forth therein for the period ended September 30, 2006, (v) by each Borrower under subsection 14(b) of the Loan Agreement for failure to comply with the maximum account dilution percentage set forth therein for the periods ended December 31, 2006, and March 31, 2007, (vi) by each Borrower under subsection 14(d) of the Loan Agreement for failure to comply with the maximum account turnover time periods set forth therein for the periods ended December 31, 2006, and March 31, 2007, and (vii) by Stone Warehouse under subsection 14(e) of the Loan Agreement for failure to comply with the minimum inventory turnover ratio set forth therein for the periods ended December 31, 2006, and March 31, 2007; and

(b) subsection 15(n) of the Loan Agreement as a result of a material adverse change in the business, assets and financial condition of Stone Warehouse.

## EXHIBIT B
### to
## THIRD AMENDMENT AND FORBEARANCE AGREEMENT

| | | |
|---|---|---|
| **Payroll and** | | |
| **Payroll Taxes** | | up to $90,000 |
| **Consultant** | Week of 10-22-07 | 5,000 |
| | Amt needed to get slabs in from Stone Design | |
| | which will allow us to complete jobs and collect | up to |
| **Materials** | approx $40,000 | 22,000.00 |

**EXHIBIT C**
**to**
**THIRD AMENDMENT AND FORBEARANCE AGREEMENT**

**ACKNOWLEDGMENT, REAFFIRMATION AND RELEASE**

Reference is hereby made to that certain Loan and Security Agreement (as amended, restated, supplemented or modified from time to time, the "Loan Agreement") dated as of June 19, 2006, by and between RZB Finance LLC ("Lender"), Pyramid Stone Mfg. ("Pyramid Stone"), and Stone Warehouse, LLC ("Stone Warehouse" and together with Pyramid Stone, "Borrowers"). Unless defined herein, capitalized terms used herein shall have the meanings ascribed to such terms in the Loan Agreement.

Each of the undersigned hereby (a) represents and warrants to Lender that the execution, delivery, and performance of this Acknowledgment, Reaffirmation and Release are, where applicable, within its corporate or organizational powers, have been duly authorized by all necessary corporate or other organizational powers or action, and are not in contravention of any law, rule, or regulation, or any order, judgment, decree, writ, injunction, or award of any arbitrator, court, or governmental authority, or of the terms of its charter or bylaws, or of any contract or undertaking to which it is a party or by which any of its properties is or may be bound or affected; (b) acknowledges and reaffirms its obligations, if any, owing to Lender under the Loan Agreement and each of the Other Agreements to which it is a party and (c) acknowledges, confirms and agrees that as of the close of business on September 30, 2007, Borrowers are jointly and severally indebted to Lender in respect of the Liabilities in the amount of $2,411,792.26, which includes interest, but excludes attorneys fees yet to be billed and the Durkin Group field examination fee in the amount of $6,637.65 for the Pyramid Stone audit.

Each of the undersigned (a) on behalf of itself and its successors, assigns, and its heirs, successors, assigns, present and former shareholders, affiliates, subsidiaries, divisions, predecessors, directors, officers, attorneys, employees, agents and other representatives ("Releasors"), hereby absolutely, unconditionally and irrevocably releases, remises and forever discharges Lender, its successors and assigns, and its present and former shareholders, affiliates, subsidiaries, divisions, predecessors, directors, officers, attorneys, employees, agents and other representatives (Lender and all such other Persons being hereinafter referred to collectively as the "Releasees" and individually as a "Releasee"), of and from all demands, actions, causes of action, suits, covenants, contracts, controversies, agreements, promises, sums of money, accounts, bills, reckonings, damages and any and all other claims, counterclaims, defenses, rights of set-off, demands and liabilities whatsoever (individually, a "Claim" and collectively, "Claims") of every kind and nature, known or unknown, suspected or unsuspected, at law or in equity, which the Releasors may now or hereafter own, hold, have or claim to have against the Releasees or any of them for, upon, or by reason of any circumstance, action, cause or thing whatsoever which arises at any time on or prior to the date of this Agreement, including, without limitation, for or on account of, or in relation to, or in any way in connection with this agreement, the Loan Agreement, or any of the Other Agreements or transactions hereunder or thereunder or any "lender liability" type claim; (b) understands, acknowledges and agrees that the release set forth above may be pleaded as a full and complete defense and may be used as a basis for an injunction against any action, suit or other proceeding which may be instituted, prosecuted or attempted in

breach of the provisions of such release; and (c) agrees that no fact, event, circumstance, evidence or transaction which could now be asserted or which may hereafter be discovered shall affect in any manner the final, absolute and unconditional nature of the release set forth above. The foregoing release is not applicable to any claim which first arises after the date of this agreement to the extent of acts or omissions of the Releasee after the date hereof.

The undersigned, on behalf of itself and each of the Releasors, hereby absolutely, unconditionally and irrevocably, covenants and agrees with and in favor of each Releasee that it will not sue (at law, in equity, in any regulatory proceeding or otherwise) any Releasee on the basis of any Claim released, remised and discharged by such undersigned pursuant to the release set forth above. If the undersigned or any of its successors, assigns or other legal representatives violates the foregoing covenant, the undersigned, for itself and each of the Releasors, agrees to pay, in addition to such other damages as any Releasee may sustain as a result of such violation, all attorneys' fees and costs incurred by any Releasee as a result of such violation.

**[signature on following page]**

This Acknowledgment, Reaffirmation and Release is made this 19th day of October, 2007.

**11 S. EISENHOWER, LLC**

_____

**RODRIGO BISCAYA**

_____

**TOMAS OROZCO**

_____

**CARLO VERISSIMO**

_____

## FIRST AMENDMENT TO FORBEARANCE AGREEMENT

This First Amendment to Forbearance Agreement (the "*Amendment*") dated as of October 26, 2007, is made by and among PYRAMID STONE MFG., an Illinois corporation ("Pyramid Stone"), STONE WAREHOUSE, LLC, an Illinois limited liability company ("Stone Warehouse" and together with Pyramid Stone, the "Borrowers") and RZB FINANCE LLC ("Lender").

## R E C I T A L S :

WHEREAS, Lender and Borrowers have entered into certain financing arrangements pursuant to the Loan and Security Agreement dated as of June 19, 2006, by and among Lender and Borrowers (and as amended hereby, and as the same may have heretofore been or may hereafter be further amended, modified, supplemented, extended, renewed, restated or replaced, the "Loan Agreement");

WHEREAS, Lender and Borrowers entered into that certain Third Amendment and Forbearance Agreement dated October 19, 2007 (the "*Forbearance Agreement*") and capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Forbearance Agreement;

WHEREAS, Borrowers have requested that Lender continue to forbear from exercising its rights as a result of the Existing Defaults, which are continuing, and that Lender provide further financial accommodations to Borrowers notwithstanding such Existing Defaults;

WHEREAS, Lender is willing to agree to continue to forbear from exercising certain of its rights and remedies and provide certain other financial accommodations to Borrowers solely for the period and on the terms and conditions specified herein;

NOW, THEREFORE, in consideration of the foregoing, and the respective agreements, warranties and covenants contained herein, the parties hereto agree as follows:

**SECTION 1.**        **AMENDMENT TO FORBEARANCE AGREEMENT**

1.1.    The definition of "Exhibit Defaults" in Section 1.2(a), and Exhibit A, of the Forbearance Agreement are hereby amended to add the following Event of Default: "(c) subsection 15(b) of the Loan Agreement as a result of the default by Pyramid Stone under subsection 13(b)(i) of the Loan Agreement for failure to deliver the monthly financial information required by such subsection for the month ended September 30, 2007."

1.2.    Section 3.2(a) of the Forbearance Agreement is hereby amended by deleting the reference to "October 26, 2007" therein and inserting "November 5, 2007" in lieu thereof.

1.3.    Section 5.1 of the Forbearance Agreement is hereby amended and restated in its entirety as follows:

"**5.1   Budget.**  With respect to Loans requested by Pyramid Stone to be used during the Forbearance Period, (a) Lender shall only advance Loans

in the amount of $100,000 to the extent required to pay those expenses enumerated in the budget provided to Lender and attached hereto as Exhibit B, such Budget to be acceptable to Lender in its sole discretion (as revised from time to time during the Forbearance Period subject to Lender's consent, the "*Budget*") as and when such expenses become due and payable, (b) Pyramid Stone shall maintain strict compliance with the Budget and (c) on or before November 2, 2007, Pyramid Stone shall provide evidence that the Loans provided for herein have been utilized pursuant to the Budget."

1.4.    Section 5.2 of the Forbearance Agreement is hereby amended and restated in its entirety as follows:

"**5.2    Receivable Collections**.  During the Forbearance Period, Pyramid Stone shall collect at least $100,000 of its outstanding accounts receivable and on or before November 2, 2007, provide evidence to Lender of such collections."

1.5.    Section 5 of the Forbearance Agreement is hereby amended to add Subsection 5.6 therein as follows:

"**5.6    Reporting**.  On or before November 2, 2007, Pyramid Stone shall provide Lender (a) a chart showing sales for a three-week period through the week ending October 26, 2007 and (b) an inventory count and costing, provided that a representative of Lender shall be present."

## SECTION 2.    REPRESENTATIONS AND WARRANTIES

Each of the Borrowers hereby represents, warrants and covenants as follows:

2.1.    **Representations in Loan Agreement and the Other Agreements.**  Each of the representations and warranties made by or on behalf of each of the Borrowers to Lender in the Loan Agreement and any of the Other Agreements was true and correct when made, and is, except for the Existing Defaults, true and correct on and as of the date of this Amendment with the same full force and effect as if each of such representations and warranties had been made by each of the Borrowers on the date hereof and in this Amendment.

2.2.    **Representations in this Amendment.**  A breach of any of the representations and warranties made by or on behalf of each of the Borrowers to Lender in this Amendment shall constitute a default and an Event of Default under the Loan Agreement and the Other Agreements.

2.3.    **Binding Effect of Documents.**  This Amendment has been duly authorized, executed and delivered to Lender by each of the Borrowers, is enforceable in accordance with its terms and is in full force and effect.

2.4.    **No Conflict.**  The execution, delivery and performance of this Amendment by each of the Borrowers will not violate any requirement of law or contractual obligation of either

Borrower and will not result in or require the creation or imposition of any lien on any of its properties or revenues.

## SECTION 3.  CONDITIONS TO EFFECTIVENESS

The effectiveness of this Amendment shall be subject to the following conditions precedent, each in form and substance satisfactory to Lender:

3.1.    receipt by Lender of an original of this Amendment, duly authorized, executed and delivered by Borrowers and Lender;

3.2.    receipt by Lender of an original of the Reaffirmation and Release attached to this Amendment as Exhibit B, duly authorized, executed and delivered by 11 S. Eisenhower, LLC, Rodrigo Biscaya, Tomas Orozco and Carlo Verissimo; and

3.3.    no default or Event of Default other than the Existing Defaults shall have occurred and be continuing.

## SECTION 4.  MISCELLANEOUS

4.1.    **Effect of Amendment.**  Except as modified pursuant hereto, no other changes or modifications to the Loan Agreement or any of the Other Agreements are intended or implied and in all other respects the Loan Agreement and the Other Agreements hereby are ratified, restated and confirmed by all parties hereto as of the effective date hereof.  To the extent of conflict between the terms of this Amendment and Loan Agreement or any of the Other Agreements, the terms of this Amendment shall govern and control.

4.2.    **Costs and Expenses.**  Each of the Borrowers absolutely and unconditionally agrees to pay to Lender, on demand by Lender at any time, whether or not all or any of the transactions contemplated by this Amendment are consummated: (a) all reasonable fees and disbursements of any counsel to Lender in connection with the preparation, negotiation, execution, or delivery of this Amendment and any agreements contemplated hereby and (b) reasonable expenses, which shall at any time be incurred or sustained by Lender or any of its directors, officers, employees or agents as a consequence of or in any way in connection with the preparation, negotiation, execution, or delivery of this Amendment and any agreements contemplated hereby.  Nothing in this Section 4.2 shall in any way limit the obligations of Borrowers to pay to Lender any and all costs, fees and expenses pursuant to the terms of the Loan Agreement.

4.3.    **Further Assurances.**  At Borrowers' expense, the parties hereto shall execute and deliver such additional documents and take such further action as may be necessary or desirable to effectuate the provisions and purposes of this Amendment.

4.4.    **Successors and Assigns.**  This Amendment shall be binding upon and inure to the benefit of each of the parties hereto and their respective successors and assigns.

4.5.    **Survival of Representations and Warranties.**  All representations and warranties made in this Amendment or any other document furnished in connection with this Amendment shall survive the execution and delivery of this Amendment and the other documents, and no

investigation by Lender or any closing shall affect the representations and warranties or the right of Lender to rely upon them.

    4.6.   **Release.**

        (a)    In consideration of the agreements of Lender contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, each of the Borrowers, on behalf of itself and its successors, assigns, and its present and former shareholders, affiliates, subsidiaries, divisions, predecessors, directors, officers, attorneys, employees, agents and other representatives (the "Releasors"), hereby absolutely, unconditionally and irrevocably releases, remises and forever discharges Lender and its successors and assigns, and its present and former shareholders, affiliates, subsidiaries, divisions, predecessors, directors, officers, attorneys, employees, agents and other representatives (Lender and all such other Persons being hereinafter referred to collectively as the "Releasees" and individually as a "Releasee"), of and from all demands, actions, causes of action, suits, covenants, contracts, controversies, agreements, promises, sums of money, accounts, bills, reckonings, damages and any and all other claims, counterclaims, defenses, rights of set-off, demands and liabilities whatsoever (individually, a "Claim" and collectively, "Claims") of every kind and nature, known or unknown, suspected or unsuspected, at law or in equity, which each of the Releasors may now or hereafter own, hold, have or claim to have against the Releasees or any of them for, upon, or by reason of any circumstance, action, cause or thing whatsoever which arises at any time on or prior to the date of this Amendment, including, without limitation, for or on account of, or in relation to, or in any way in connection with this Amendment, the Loan Agreement or any of the Other Agreements or transactions hereunder or thereunder or any "lender liability" type claim.

        (b)    Each of the Borrowers, on its behalf and the Releasors, understands, acknowledges and agrees that the release set forth above may be pleaded as a full and complete defense and may be used as a basis for an injunction against any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of the provisions of such release.

        (c)    Each of the Borrowers, on its behalf and the Releasors, agrees that no fact, event, circumstance, evidence or transaction which could now be asserted or which may hereafter be discovered shall affect in any manner the final, absolute and unconditional nature of the release set forth above.

    4.7.   **Covenant Not to Sue.**  Each of the Borrowers, on behalf of itself and the Releasors, hereby absolutely, unconditionally and irrevocably covenants and agrees with and in favor of each Releasee that it will not sue (at law, in equity, in any regulatory proceeding or otherwise) any Releasee on the basis of any Claim released, remised and discharged by each of the Borrowers pursuant to Section 4.6 above. If any Releasor violates the foregoing covenant, each of the Borrowers, on behalf of itself and the Releasors, agrees to pay, in addition to such other damages as any Releasee may sustain as a result of such violation, all attorneys' fees and costs incurred by any Releasee as a result of such violation.

    4.8.   **Severability.**  Any provision of this Amendment held by a court of competent jurisdiction to be invalid or unenforceable shall not impair or invalidate the remainder of this Amendment.

4.9.    **Reviewed by Attorneys.**  Each of the Borrowers represents and warrants to Lender that it (a) understands fully the terms of this Amendment and the consequences of the execution and delivery of this Amendment, (b) has been afforded an opportunity to discuss this Amendment with, and have this Amendment reviewed by, such attorneys and other persons as either Borrower may wish and (c) has entered into this Amendment and executed and delivered all documents in connection herewith of its own free will and accord and without threat, duress or other coercion of any kind by any Person.  The parties hereto acknowledge and agree that neither this Amendment nor the other documents executed pursuant hereto shall be construed more favorably in favor of one than the other based upon which party drafted the same, it being acknowledged that all parties hereto contributed substantially to the negotiation and preparation of this Amendment and the other documents executed pursuant hereto or in connection herewith.

4.10.    **Governing Law: Consent to Jurisdiction and Venue.**  EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE LOAN AGREEMENT AND ANY OF THE OTHER AGREEMENTS, THIS AMENDMENT, THE LOAN AGREEMENT AND THE OTHER AGREEMENTS AND THE RIGHTS AND LIABILITIES OF THE PARTIES HEREUNDER AND THEREUNDER SHALL BE GOVERNED BY, AND CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD TO CONFLICTS OF LAWS PRINCIPLES.  EACH OF THE BORROWERS HEREBY CONSENTS AND AGREES THAT THE STATE OR FEDERAL COURTS LOCATED IN CHICAGO, ILLINOIS SHALL HAVE EXCLUSIVE JURISDICTION TO HEAR AND DETERMINE ANY CLAIMS OR DISPUTES BETWEEN BORROWERS AND LENDER PERTAINING TO THIS AMENDMENT, THE LOAN AGREEMENT OR ANY OF THE OTHER AGREEMENTS OR TO ANY MATTER ARISING OUT OF OR RELATED TO THIS AMENDMENT, THE LOAN AGREEMENT OR ANY OF THE OTHER AGREEMENTS; PROVIDED, THAT LENDER AND BORROWERS ACKNOWLEDGE THAT ANY APPEALS FROM THOSE COURTS MAY HAVE TO BE HEARD BY A COURT LOCATED OUTSIDE OF ILLINOIS; AND FURTHER PROVIDED, THAT NOTHING IN THIS AMENDMENT SHALL BE DEEMED OR OPERATE TO PRECLUDE LENDER FROM BRINGING SUIT OR TAKING OTHER LEGAL ACTION IN ANY OTHER JURISDICTION TO COLLECT THE LIABILITIES, TO REALIZE ON THE COLLATERAL OR ANY OTHER SECURITY FOR THE LIABILITIES, OR TO ENFORCE A JUDGMENT OR OTHER COURT ORDER IN FAVOR OF LENDER.  EACH OF THE BORROWERS EXPRESSLY SUBMITS AND CONSENTS IN ADVANCE TO SUCH JURISDICTION IN ANY ACTION OR SUIT COMMENCED IN ANY SUCH COURT, AND EACH OF THE BORROWERS HEREBY WAIVES ANY OBJECTION WHICH IT MAY HAVE BASED UPON LACK OF PERSONAL JURISDICTION, IMPROPER VENUE OR FORUM NON CONVENIENS AND HEREBY CONSENTS TO THE GRANTING OF SUCH LEGAL OR EQUITABLE RELIEF AS IS DEEMED APPROPRIATE BY SUCH COURT. EACH OF THE BORROWERS HEREBY WAIVES PERSONAL SERVICE OF ANY AND ALL PROCESS ISSUED IN ANY SUCH ACTION OR SUIT AND AGREES THAT SERVICE OF SUCH PROCESS MAY BE MADE BY REGISTERED OR CERTIFIED MAIL ADDRESSED TO BORROWERS AT THE ADDRESS SET FORTH IN THE LOAN AGREEMENT AND THAT SERVICE SO MADE SHALL BE DEEMED COMPLETED UPON THE EARLIER OF BORROWERS' ACTUAL RECEIPT THEREOF OR THREE (3) DAYS AFTER THE SAME HAS BEEN POSTED.

4.11.  **Mutual Waiver of Jury Trial.**  THE PARTIES HERETO WAIVE ALL RIGHTS TO TRIAL BY JURY IN ANY ACTION, SUIT, OR PROCEEDING BROUGHT TO RESOLVE ANY DISPUTE, WHETHER ARISING IN CONTRACT, TORT, OR OTHERWISE AMONG LENDER AND BORROWERS ARISING OUT OF, CONNECTED WITH, RELATED OR INCIDENTAL TO THE RELATIONSHIP ESTABLISHED BETWEEN THEM IN CONNECTION WITH THIS AMENDMENT, THE LOAN AGREEMENT OR ANY OF THE OTHER AGREEMENTS OR THE TRANSACTIONS RELATED THERETO.

4.12.  **Counterparts.**  This Amendment may be executed in any number of counterparts, but all of such counterparts shall together constitute but one and the same agreement.

**[CONTINUED ON NEXT PAGE]**

IN WITNESS WHEREOF, this Amendment is executed and delivered as of the day and year first above written.

PYRAMID STONE MFG.

By _____
Name __CARLO VERISSIMO__
Title __V. P__

STONE WAREHOUSE, LLC

By _____
Name __RODRIGO BRICEÑO__
Title __President__

RZB FINANCE LLC

By _____
Name _____
Title _____

RZB FINANCE LLC

By _____
Name _____
Title _____

Glenview Consent

IN WITNESS WHEREOF, this Amendment is executed and delivered as of the day and year first above written.

PYRAMID STONE MFG.

By _____
Name _____
Title _____

STONE WAREHOUSE, LLC

By _____
Name _____
Title _____

RZB FINANCE LLC

By _____
Name _____
Title _____
~~CHRISTOPH HOEDL~~
Group Vice President

RZB FINANCE LLC

By _____
Name _____
Title _____
~~RANDALL ABRAMS~~
Vice President

Glenview Consent

**EXHIBIT A**
**to**
**FIRST AMENDMENT TO FORBEARANCE AGREEMENT**

| | |
|---|---|
| **Mortgage** | up to $8,500 |
| **Materials** | up to $35,000 |
| **Payroll and** | |
| **Payroll** | |
| **Taxes** | up to $36,500 |
| **Vendor** | |
| **Payments** | up to $15,000 |
| **Consultant** | $5,000 |

**EXHIBIT B**
**to**
**FIRST AMENDMENT TO FORBEARANCE AGREEMENT**

**ACKNOWLEDGMENT, REAFFIRMATION AND RELEASE**

Reference is hereby made to that certain Loan and Security Agreement (as amended, restated, supplemented or modified from time to time, the "Loan Agreement") dated as of June 19, 2006, by and between RZB Finance LLC ("Lender"), Pyramid Stone Mfg. ("Pyramid Stone"), and Stone Warehouse, LLC ("Stone Warehouse" and together with Pyramid Stone, "Borrowers"). Unless defined herein, capitalized terms used herein shall have the meanings ascribed to such terms in the Loan Agreement.

Each of the undersigned hereby (a) represents and warrants to Lender that the execution, delivery, and performance of this Acknowledgment, Reaffirmation and Release are, where applicable, within its corporate or organizational powers, have been duly authorized by all necessary corporate or other organizational powers or action, and are not in contravention of any law, rule, or regulation, or any order, judgment, decree, writ, injunction, or award of any arbitrator, court, or governmental authority, or of the terms of its charter or bylaws, or of any contract or undertaking to which it is a party or by which any of its properties is or may be bound or affected; (b) acknowledges and reaffirms its obligations, if any, owing to Lender under the Loan Agreement and each of the Other Agreements to which it is a party and (c) acknowledges, confirms and agrees that as of the close of business on September 30, 2007, Borrowers are jointly and severally indebted to Lender in respect of the Liabilities in the amount of $2,411,792.26, which includes interest, but excludes attorneys fees yet to be billed and the Durkin Group field examination fee in the amount of $6,637.65 for the Pyramid Stone audit.

Each of the undersigned on behalf of itself and its successors, assigns, and its present and former shareholders, affiliates, subsidiaries, divisions, predecessors, directors, officers, attorneys, employees, agents and other representatives (the "Releasors"), (a) hereby absolutely, unconditionally and irrevocably releases, remises and forever discharges Lender and its successors and assigns, and its present and former shareholders, affiliates, subsidiaries, divisions, predecessors, directors, officers, attorneys, employees, agents and other representatives (Lender and all such other Persons being hereinafter referred to collectively as the "Releasees" and individually as a "Releasee"), of and from all demands, actions, causes of action, suits, covenants, contracts, controversies, agreements, promises, sums of money, accounts, bills, reckonings, damages and any and all other claims, counterclaims, defenses, rights of set-off, demands and liabilities whatsoever (individually, a "Claim" and collectively, "Claims") of every kind and nature, known or unknown, suspected or unsuspected, at law or in equity, which each of the Releasors may now or hereafter own, hold, have or claim to have against the Releasees or any of them for, upon, or by reason of any circumstance, action, cause or thing whatsoever which arises at any time on or prior to the date of this Amendment, including, without limitation, for or on account of, or in relation to, or in any way in connection with this Amendment, the Loan Agreement or any of the Other Agreements or transactions hereunder or thereunder or any "lender liability" type claim; understands, acknowledges and agrees that the release set forth above may be pleaded as a full and complete defense and may be used as a basis for an injunction against any action, suit or other proceeding which may be instituted, prosecuted or attempted in

breach of the provisions of such release; and agrees that no fact, event, circumstance, evidence or transaction which could now be asserted or which may hereafter be discovered shall affect in any manner the final, absolute and unconditional nature of the release set forth above. The foregoing release is not applicable to any claim which first arises after the date of this agreement to the extent of acts or omissions of the Releasee after the date hereof.

Each of the undersigned, on behalf of itself and the Releasors, hereby absolutely, unconditionally and irrevocably covenants and agrees with and in favor of each Releasee that it will not sue (at law, in equity, in any regulatory proceeding or otherwise) any Releasee on the basis of any Claim released, remised and discharged by such undersigned pursuant to the release set forth above. If the undersigned or any Releasor violates the foregoing covenant, each of the undersigned, on behalf of itself and the Releasors, agrees to pay, in addition to such other damages as any Releasee may sustain as a result of such violation, all attorneys' fees and costs incurred by any Releasee as a result of such violation.

**[signature on following page]**

This Acknowledgment, Reaffirmation and Release is made this 26th day of October, 2007.

**11 S. EISENHOWER, LLC**

_____

**RODRIGO BISCAYA**

_____

**TOMAS OROZCO**

_____

**CARLO VERISSIMO**

_____