# Exhibit E



November 6, 2007

**VIA FACSIMILE AND FEDERAL EXPRESS/RETURN RECEIPT**

Pyramid Stone Mfg.  
11 South Eisenhower  
Lombard, Illinois 60148  
Attention: Mr. Carlo Verissimo  
Facsimile No.: (630) 916-4723

Stone Warehouse, LLC  
303 South Eisenhower  
Lombard, Illinois 60148  
Attention: Mr. Rodrigo Biscaya  
Facsimile No.: (630) 916-4757

Re: **Demand Notice**

Gentlemen:

Reference is made to (a) that certain Loan and Security Agreement dated as of June 19, 2006, by and among Pyramid Stone Mfg. ("Pyramid Stone"), Stone Warehouse, LLC ("Stone Warehouse," and together with Pyramid Stone, the "Borrowers") and RZB Finance LLC ("Lender") (as amended, modified or supplemented from time to time, the "Loan Agreement") and (b) that certain Forbearance Agreement dated as of October 19, 2007, by and among Borrowers and Lender (as amended from time to time, the "Forbearance Agreement"). Unless otherwise indicated, all capitalized terms used herein shall have the meanings ascribed thereto in the Forbearance Agreement.

As a result of the Existing Defaults and the termination of the Forbearance Period under the Forbearance Agreement, Lender is entitled to exercise immediately all of its rights and remedies under the Loan Agreement, the Other Agreements and applicable law.

**BORROWERS ARE HEREBY NOTIFIED THAT** Lender has elected to declare all amounts owing by Borrowers to Lender to be immediately due and payable. As of the date hereof, the aggregate amount owed by Borrowers to Lender is not less than $2,466,460.87. Accordingly, **DEMAND IS HEREBY MADE** upon Borrowers to immediately pay Lender $2,466,460.87 in cash ("Demand Amount"). Each of the Borrowers is and shall remain liable for other accrued and accruing interest, fees, charges and other amounts (including, without limitation, legal fees and expenses) due under the Loan Agreement and the Other Agreements until all Liabilities are paid in full. Payment of the Demand Amount shall be made by wire transfer to the following account:

RZB FINANCE LLC 24 Grassy Plain Street, Bethel, CT 06801 USA • Telephone: (203) 207-0115 • Fax: (203) 744-6474  
Telex: 6738478 RZBLLCNY • *A WHOLLY OWNED SUBSIDIARY OF RAIFFEISEN ZENTRALBANK ÖSTERREICH AG (RZB-AUSTRIA)* •  
Head Office: A-1030 Vienna, Am Stadtpark 9, Postal Address: A-1011 Vienna, P.O. Box 50 • Member of UNICO Banking Group  
1033160v4 11/6/2007 3:35:44 PM         6024.001



RZB Finance LLC
ABA # 021000089
Credit to RZB Finance LLC
Re: Pyramid Stone/Stone Warehouse
Account No.: 36177625

      Nothing herein shall affect Lender's right to declare additional Events of Default (as defined in the Loan Agreement) for purposes of exercising its rights and remedies against either Borrower or any other party. Lender's election to take or not to take any other action at the present time shall neither constitute a waiver any of the rights and remedies available to it under the Loan Agreement, the Other Agreements or applicable law, nor constitute a waiver of any Events of Default, including, without limitation, the Existing Defaults described above.

                                    Sincerely,

                                      RZB FINANCE LLC, as Lender

                                      By: _____
                                      Name: CHRISTOPH HOEDL
                                      Title: Group Vice President

                                      By: _____
                                      Name: _____
                                      Title: RANDALL ABRAMS
                                              Vice President

cc:  Mr. Christoph Hoedl
      Mr. David Abrams
      Mitchell S. Roth, Esq.
      Alan P. Solow, Esq.

*RZB FINANCE LLC* 24 Grassy Plain Street, Bethel, CT 06801 USA • Telephone: (203) 207-0115 • Fax: (203) 744-6474
Telex: 6738478 RZBLLCNY • *A WHOLLY OWNED SUBSIDIARY OF RAIFFEISEN ZENTRALBANK ÖSTERREICH AG (RZB-AUSTRIA)* •
Head Office: A-1030 Vienna, Am Stadtpark 9, Postal Address: A-1011 Vienna, P.O. Box 50 • Member of UNICO Banking Group

# Exhibit F



November 14, 2007

Pyramid Stone Mfg.
11 South Eisenhower
Lombard, Illinois 60148
Attention: Mr. Carlo Verissimo

Ladies and Gentlemen:

Pyramid Stone Mfg. ("Pyramid") is indebted to RZB Finance LLC ("Lender") pursuant to a Loan and Security Agreement dated as of June 19, 2006, by and among Pyramid, Stone Warehouse, LLC ("Stone Warehouse," and together with Pyramid, the "Borrowers") and Lender (as amended, modified or supplemented from time to time, the "Loan Agreement"). Unless otherwise indicated, all capitalized terms used herein shall have the meanings ascribed thereto in the Loan Agreement.

Borrowers and Lender have executed a Forbearance Agreement, dated as of October 19, 2007, (as amended from time to time, the "Forbearance Agreement"), pursuant to which Lender agreed to forbear from exercising its rights and remedies under the Other Agreements on account of certain existing Events of Default, subject to the terms and conditions of the Forbearance Agreement. As a result of the expiration of the Forbearance Period under the Forbearance Agreement, Lender has delivered to Borrowers a demand notice dated November 6, 2007, pursuant to which Lender has demanded payment of all of the Obligations.

The parties hereto wish to facilitate the disposition of the Collateral in a manner designed to maximize the value of such Collateral for the benefit of all parties. In connection with such a disposition, Pyramid has agreed to surrender possession of the Collateral to Lender forthwith, so that Lender may proceed to dispose of the Collateral pursuant to its rights and remedies under the Illinois Uniform Commercial Code (the "UCC"), other applicable law, the Other Agreements and this Agreement. Therefore, Pyramid and Lender agree as follows:

1. Pyramid shall immediately and irrevocably abandon and surrender possession of all or a portion of the Collateral (as specified by Lender) to Lender. Such surrender of possession shall not constitute retention of the Collateral by Lender in satisfaction of all or any portion of the Obligations under the UCC. Lender hereby notifies Pyramid that Lender intends, until further notice by Lender, to post a security guard on Pyramid's premises; however, that shall not relieve Pyramid of its obligations to preserve and protect the Collateral as provided in the Loan Agreement.

2. All proceeds of Collateral coming into Pyramid's possession, whether before or after the surrender of possession of the Collateral to Lender, including without limitation, proceeds of accounts receivable or other proceeds of any of the Collateral, shall be held in trust for Lender and immediately remitted to Lender for application in accordance with the Other Agreements, until the Obligations are finally and indefeasibly paid in full.

3. Lender is not, and is not to be construed or deemed to be, a successor of Pyramid or any Guarantor, it being understood and agreed that Lender shall not and does not by virtue of this Agreement or surrender of any of the Collateral, assume or agree to assume any liability whatsoever of Pyramid, nor does Lender assume or agree to assume any obligation of Pyramid under any contract, lease, agreement, indenture or any other document to which Pyramid is a party, by which Pyramid is or may be bound, or which in any manner affects the Collateral.



4. Pyramid acknowledges that any indicia of ownership of any of the Collateral held at any time by Lender are held primarily to protect a security interest of Lender and that the rights and authority granted to Lender hereunder are granted solely for the purposes of mitigating defaults by Borrowers under the Loan Agreement and the Other Agreements and for preserving, or preventing the diminution of, the value of the Collateral.

5. Pyramid represents that all of the Collateral is owned solely by Pyramid, and that no portion of the Collateral is under consignment, loan, lease, on conditional sale by a third party, or otherwise not owned solely by Pyramid, and Pyramid has not, as of the date of this Agreement, received any notice of any (i) reclamation by any creditor or lessor, (ii) tax lien or (iii) execution (by garnishment or otherwise) against or seizure of any of the Collateral.

6. Pyramid shall deliver to Lender, promptly upon Lender's request, such books and records with respect to the Collateral, including without limitation, all of Pyramid's books and records concerning Pyramid's accounts receivable and existing or potential mechanic's liens for goods sold and services rendered. At such time as Lender has completed its disposition of all the Collateral, Lender shall return to Pyramid all of Pyramid's books and records then in Lender's possession or under Lender's control.

7. The failure by Lender to exercise any of its rights and/or remedies hereunder, under the Loan Agreement, the Other Agreements or applicable law shall not constitute a waiver of such rights or remedies, nor shall a waiver of any such right and/or remedy on one occasion be deemed a continuing waiver or preclude exercise of any other rights or remedies.

Please acknowledgment your agreement with the foregoing in the space provided below.

Very truly yours,

RZB FINANCE LLC

By _____
   Nicolas M. Moriatis
Its _____
   Group Vice President
   Controller

By _____
   F. Dieter Beintrexler
Its _____
   F. DIETER BEINTREXLER
   President

Accepted and agreed this ____ day of November, 2007:

**PYRAMID STONE MFG.**

By _____

Its _____

---

RZB FINANCE LLC 24 Grassy Plain Street, Bethel, CT 06801 USA • Telephone: (203) 207-0115 • Fax: (203) 744-6474
Telex: 6738478 RZBLLCNY • *A WHOLLY OWNED SUBSIDIARY OF RAIFFEISEN ZENTRALBANK ÖSTERREICH AG (RZB-AUSTRIA)* •
Head Office: A-1030 Vienna, Am Stadtpark 9, Postal Address: A-1011 Vienna, P.O. Box 50 • Member of UNICO Banking Group

# Exhibit G

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RZB FINANCE LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 C 6603 |
| vs. ) | Judge Milton I. Shadur |
| ) | Magistrate Judge Susan E. Cox |
| **PYRAMID STONE MFG., INC.** and ) | |
| **11 S. EISENHOWER, LLC** ) | |
| ) | |
| Defendants. ) | |

### SECOND AMENDED ORDER FOR REPLEVIN

This cause coming on to be heard on Plaintiff's Emergency Motion to Modify Amended Order of Replevin, and the Court being fully advised in the premises, **THE COURT FINDS THAT:**

1. Due notice has been given to the Defendant Pyramid Stone Mfg., Inc., an Illinois Corporation ("Pyramid Stone").

2. Plaintiff RZB Finance LLC ("RZB") has established a prima facie case to a superior right to possession of the disputed property, identified in Schedule A hereto (the "Collateral"), and has also demonstrated to the Court the probability that RZB will ultimately prevail on the underlying claim to possession of the Collateral.

**IT IS THEREFORE HEREBY ORDERED THAT:**

1. By 5:00 p.m. on Wednesday, December 12, 2007, RZB shall deposit with the Clerk of the Court an irrevocable standby letter of credit in form and substance acceptable to this Court and of sufficient security in double the value of the Collateral, which the Court values for purposes of this Order at $2.4 million (the "Letter of Credit").

2. Upon RZB's delivery of a copy of the Letter of Credit to the United States Marshal, the Marshal shall take the Collateral or any portion thereof that may be found in the Marshal's jurisdiction and deliver it to RZB forthwith unless Pyramid Stone executes a bond and security in double the value of the Collateral, in which case the Marshal shall return RZB's Letter of Credit to the Clerk of the Court.

3. Beginning at 9:25 a.m. on November 30, 2007, and continuing through Wednesday, December 12, 2007 at 5:00 p.m., Pyramid Stone is temporarily prohibited and restrained from making or allowing any transfer or other disposition of, or interfering with, the Collateral.

4. Upon RZB's deposit of the Letter of Credit with the Clerk of the Court, Pyramid Stone is preliminarily prohibited and enjoined from making or allowing any transfer or other disposition of, or interfering with, the Collateral, until further order of this Court.

5. Pyramid Stone shall answer the Complaint by filing an answer or appearance on or before December 20, 2007 or, in case the Collateral or any part of it is not found, to answer to RZB for the value of the Collateral not found.

DATED:   December 7, 2007

ENTER:

_____
The Honorable Milton I. Shadur

# Exhibit H

MHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RZB FINANCE LLC, )
)
    Plaintiff, )
) No. 07 C 6603
vs. ) Judge Milton I. Shadur
) Magistrate Judge Susan E. Cox
PYRAMID STONE MFG., INC. and 11 )
S. EISENHOWER, LLC, )
)
    Defendants. )

## DEFAULT JUDGMENT ORDER

This cause coming to be heard on plaintiff's Motion for Default, and this Court having been fully advised in the premises;

IT IS HEREBY ORDERED THAT:

a.     Pursuant to Fed.R.Civ.P. 55(a), an Order of default in entered against Defendant Pyramid Stone, Mfg., Inc., on Counts I and III of RZB's complaint and this matter is set for prove-up on respect to damages with respect to those counts on _Jan. 10, 2008_ at _9:30 a.m._;

b.     Pursuant to Fed.R.Civ.P. 54(b) and 55(b)(2), a final order of judgment by default is entered against Defendant Pyramid Stone, Mfg., Inc., on Count II of RZB's complaint, granting RZB a final order of possession of the property identified on Schedule A to the Order for Replevin entered by this Court on November 30, 2007, a true and accurate copy of which is attached hereto as Schedule 1 (the Collateral"), and for the reasons stated on the record in open court, there is no just reason for delaying enforcement of this final order of judgment by default;

1256478v1 12/26/2007 2:00:22 PM                                                                                                                     6024.001

c. Pursuant to Fed.R.Civ.P. 54(b) and 55(b)(2), a final order of judgment by default is entered against Defendant 11 S. Eisenhower, LLC, on Count IV of RZB's complaint, permanently enjoining 11 S. Eisenhower, LLC, or anyone acting in concert with 11 S. Eisenhower, LLC, from denying RZB access to 11 S. Eisenhower Lane, Lombard, Illinois 60148, at any time, for purposes of assembling and removing the Collateral, and for the reasons stated on the record in open court, there is no just reason for delaying enforcement of this final order of judgment by default;

d. The original irrevocable standby letter of credit, deposited by RZB with the Clerk of the Court pursuant to this Court's Second Amended Order for Replevin, entered December 7, 2007, is no longer necessary or required; and

e. The Clerk of the Court is directed to return the original standby letter of credit to RZB's counsel.

ENTERED this 3rd day of January, 2008

_____
Judge Milton I. Shadur