# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RZB FINANCE LLC, | ) |
| Plaintiff, | ) ) ) No. 07 C 6603 |
| vs. | ) Judge Milton I. Shadur ) Magistrate Judge Susan E. Cox |
| PYRAMID STONE MFG., INC. and 11 S. EISENHOWER, LLC, | ) ) ) |
| Defendants. | ) |

## DEFAULT JUDGMENT ORDER

This cause coming to be heard on plaintiff's Motion for Default, and this Court having been fully advised in the premises;

IT IS HEREBY ORDERED THAT:

a. Pursuant to Fed.R.Civ.P. 55(a), an Order of default in entered against Defendant Pyramid Stone, Mfg., Inc., on Counts I and III of RZB's complaint and this matter is set for prove-up on respect to damages with respect to those counts on ___Jan. 10, 2008___ at ___9:30 a.m.___;

b. Pursuant to Fed.R.Civ.P. 54(b) and 55(b)(2), a final order of judgment by default is entered against Defendant Pyramid Stone, Mfg., Inc., on Count II of RZB's complaint, granting RZB a final order of possession of the property identified on Schedule A to the Order for Replevin entered by this Court on November 30, 2007, a true and accurate copy of which is attached hereto as Schedule 1 (the Collateral"), and for the reasons stated on the record in open court, there is no just reason for delaying enforcement of this final order of judgment by default;

c. Pursuant to Fed.R.Civ.P. 54(b) and 55(b)(2), a final order of judgment by default is entered against Defendant 11 S. Eisenhower, LLC, on Count IV of RZB's complaint, permanently enjoining 11 S. Eisenhower, LLC, or anyone acting in concert with 11 S. Eisenhower, LLC, from denying RZB access to 11 S. Eisenhower Lane, Lombard, Illinois 60148, at any time, for purposes of assembling and removing the Collateral, and for the reasons stated on the record in open court, there is no just reason for delaying enforcement of this final order of judgment by default;

d. The original irrevocable standby letter of credit, deposited by RZB with the Clerk of the Court pursuant to this Court's Second Amended Order for Replevin, entered December 7, 2007, is no longer necessary or required; and

e. The Clerk of the Court is directed to return the original standby letter of credit to RZB's counsel.

ENTERED this 3rd day of January, 2008

_____
Judge Milton I. Shadur

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RZB FINANCE LLC, | ) |
| Plaintiff, | ) ) ) No. 07 C 6603 |
| vs. | ) Judge Milton I. Shadur ) Magistrate Judge Susan E. Cox |
| PYRAMID STONE MFG., INC. and 11 S. EISENHOWER, LLC, | ) ) ) |
| Defendants. | ) |

### DEFAULT JUDGMENT ORDER

This cause coming to be heard on plaintiff's Motion for Default, and this Court having been fully advised in the premises;

IT IS HEREBY ORDERED THAT:

a. Pursuant to Fed.R.Civ.P. 54(b) and 55(b)(2), a final order of judgment by default is entered against Defendant Pyramid Stone, Mfg., Inc., on Counts I and III of Plaintiff's complaint in the amount of Two-Million Six-Hundred and Nine-Thousand, Three-Hundred and Forty-Four dollars and One cent ($2,609,344.01), excluding Plaintiff's legal fees and expenses.

b. Any proceeds of any disposition by plaintiff of any of the Collateral, as defined in the Loan Agreement (which is defined in Plaintiff's complaint), will be applied by Plaintiff to the payment of expenses incurred in connection with the disposition of the Collateral, including without limitation, reasonable expenses and attorney's fees, and any balance of such proceeds will be applied by Plaintiff to reduce the amount of the judgment granted in paragraph (a) of this Order.

c.  As called for by Fed. R. Civ. P. 54(b), this Court expressly determines that there is no just reason for delay, so that the entry of a final, and enforceable and appealable, judgment as set forth in paragraph (a) is expressly directed. In accordance with <u>Budinich v. Becton Dickinson and Co.</u>, 486 U.S. 196 (1988) and its progeny (*see*, e.g., <u>Ross Bros. Constr. Co. v. Int'l Steel Servs., Inc.</u>, 283 F.3d 867, 870-871 (7th Cir. 2002), such finality is not affected by plaintiff's entitlement to an award of attorney's fees and expenses. This Court retains jurisdiction to enter such an award upon an appropriate submission by plaintiff.

ENTERED this 10th day of January, 2008

_____
Judge Milton I. Shadur